NELSON, *Sheriff*, v. OKLAHOMA CITY & W. RY. CO.

No. 156. Opinion Filed September 14, 1909.

(104 Pac. 42.)

**TAXATION—Compliance with Statutory Requirements.** Where the statute requires a series of acts to be performed before the owners of property are properly chargeable with taxes, such acts are conditions precedent to the exercise of the power to levy taxes, and all the requirements of the statute must be complied with, or they cannot be collected.

(Syllabus by the court.)

*Error from District Court, Greer County; C. F. Irwin, Judge.*

Action by the Oklahoma City & Western Railway Company against Jasper Nelson, as sheriff. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. D. Henry,* Co. Atty., and *Chas. M. Thacker,* for plaintiff in error, citing: *Sharpe v. Engle,* 2 Okla. 624; *Sweet v. Boyd,* 6 Okla. 700; 26 A. & E. Enc. Law 690-1; *Hibernian Benev. Society v. Kelly,* 28 Ore. 173; *Hayes v. Douglass County,* 92 Wis. 429; *Odlin v. Woodruff* (Fla.) 22 L. R. A. 701.

*Flynn & Ames* and *R. A. Kleinschmidt,* for defendant in error, citing: *Sherwin v. Bugbee,* 17 Vt. 337; *Hewes v. Reis,* 40 Cal. 255; *Moser v. White,* 29 Mich. 59; Cooley on Taxation (3d. Ed.) p. 45; *Best v. Gholson,* 89 Ill. 465; *Boyse v. Auditor General* (Mich.) 51 N. W. 457; *State ex rel. v. Railroad Co.,* 87 Mo. 236; *State ex rel. v. Railway Co.* (Mo.) 36 S. W. 211; *Mix v. People,* 72 Ill. 241; *Railway Co. v. People* (Ill.) 31 N. E. 113; *Kingfisher v. Mayor and Council,* 5 Okla. 82.

KANE, C. J. This was a suit brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, as sheriff of Greer county, to restrain him from collecting certain township taxes assessed against the plaintiff, on the ground that the levy of said tax was illegal and void for the reason that the board of directors of the interested township did not make out an account of the money necessary to defray the township expenses of said township, and did not cause such an account to be signed by the president and attested and filed with the county clerk of Greer county on or before the first day of the session of the board of county commissioners at which the assessment for county purposes was made, and that the board of directors did not at any time file such account and certificate with the county clerk of said county, as required by section 6685 of Wilson's Rev. & Ann. St. Okla. 1903.

It is admitted by the pleadings and by brief of counsel for the plaintiff in error that the board of directors of said township

did not perform the duties imposed upon them by the foregoing section of the statute within the time therein specified, and the pleadings and exhibits attached thereto further show that what the board actually did, as taken from the minutes of the meeting, was the following:

"The Altus township board was called together by trustee Frank Johnston for the purpose of levying a special road and bridge tax. 6 mills was agreed upon as being a sufficient amt. to raise said funds. No further buis. before the board, meeting closed. Frank Johnston, Trustee. Wm. McDaniel, Clerk."

This meeting, according to the pleadings, was held on the 7th day of September, 1906. The certificate of the township levy attached to the answer, marked "Exhibit B," reads as follows:

"Altus Township. Greer County, Oklahoma. July 7th, 1906. To the County Clerk of Greer County, Oklahoma. The board of directors of Altus township, in Greer county, Oklahoma, has estimated the amount of money necessary to defray the expenses of said township for the next ensuing year at fifteen hundred and seventy-three and no/100 dollars and have determined upon the following levies: For special township purposes ——mills; for general township purposes six mills; for road and bridge purposes —— mills; total on each dollar valuation, six mills. Frank Johnston, President of Township Board. Altus township. Attest: Wm. McDaniel, Clerk."

On this said exhibit is indorsed the following:

"Township Levy. For year 1906, Altus Township. Township general six mills; road and bridge ——mills; special township —— mills; total six mills. Filed this 2d day of February, 1907. Floyd McNeill, County Clerk."

The answer, which, with the exhibits attached, discloses the above state of facts, was demurred to, and the court below sustained the demurrer and issued a permanent injunction against the sheriff enjoining him from collecting the taxes so levied and assessed. To reverse this decree of the court below, the plaintiff in error brings the case to this court by petition in error and case-made.

We are of the opinion that the judgment of the court below should be affirmed. Section 6685, *supra,* provides, in part that:

"The township board of directors shall make out an account of the amount of money necessary to defray the township expenses during the next ensuing year; said account shall be made out not more than sixty nor less than twenty days prior to the meeting of the county commissioners at which the assessment for county purposes is made. Said account shall be signed by the president of the board and attested and filed with the clerk of the county on or before the first day of said session of the county commissioners, who shall cause the same to be placed upon the tax books of said township. * * * "

Plaintiff in error maintains that the judgment of the court below is in conflict with the case of *Sharpe et al. v. Engle et al.,* 2 Okla. 624, 39 Pac. 384, and quotes from that case to sustain his position, as follows:

"Section 5627 of the Statutes of Oklahoma of 1893, which provides that on the third Monday in July of each year boards of county commissioners must levy the necessary taxes for that year, and that they may levy the same at any time after that day, if the statement from the territorial board of equalization has not been received, but that such levy must not be postponed for more than ten days, and that the commissioners must levy the taxes as directed by law, is mandatory in the requirement that the commissioners must levy the taxes as provided, but does not prohibit the levying of the taxes after the expiration of the time, if they are not levied within the time, and a taxpayer may not enjoin the collection of taxes merely because they were levied a few days late."

*Sharpe et al. v. Engle et al., supra,* to our mind is quite distinguishable from the case at bar. From an examination of the admitted facts as shown by the exhibits attached to defendant's answer, it is apparent that the township board at the alleged meeting in September in making an estimate of the township expenses for the fiscal year failed to comply with the statute in letter or in spirit. The statute required the township board of directors to make out an account of the amount of money necessary to defray the township expenses during the next ensuing

year. The board made out an account of the amount of money necessary to provide a special road and bridge tax; and it was agreed that six mills was a sufficient amount to raise funds for that purpose. The certificate of the township levy attached to the answer states, it is true, that the board of directors of Altus township, Greer county, have estimated the amount of money necessary to defray the expenses of said township for the next ensuing year at $1,573, and have determined upon the following levy for general taxation purposes, six mills. But this certificate is in conflict with the minutes of the meeting, which were admitted to be correct, and was not filed in the office of the county clerk until the 2d day of February, 1907, long after the levy was made; the levy having been made on information as to the proceedings of the board received by the county clerk by telephone, presumably, on the 17th day of September, 1906, the day the board met as shown ·by the minutes of the meeting.

But, besides the foregoing defects in the certificate, it was not in compliance with section 6685, inasmuch as it was not signed by the president of the board or attested as required by law. A substantial compliance with the requirements of the foregoing section was absolutey necessary before the machinery for levying and collecting township taxes could legally be set in motion, and property subjected to such tax. The county board, in the absence of any information as to the amount of money .required to be raised by such levy, as is required by law, would be without authority or jurisdiction to proceed with such levy.

"Where the statute requires a series of acts to be performed before the owners of the property are properly chargeable with the tax, such acts are conditions precedent to the exercise of the power to levy tax, and all the requirements of the statute must be complied with, or that tax cannot be collected." (*Hewes v. Reis et al.*, 40 Cal. 255.)

The reason for this ·rule is well stated in Cooley on Taxation (3d Ed.) p. 45, in the following language:

"Executive and ministerial officers enforce the tax laws; but, in doing so, they must keep strictly within the authority those

laws confer, and they cannot add to or vary, in the slightest degree, any tax lawfully levied. They neither have nor can have any roving commission to levy and collect taxes from the people without authority of law, but (they) can only do so in the manner prescribed by the law, which would be the governing rule for their conduct in levying taxes  *  *  *  in all cases."

We do not believe the executive and ministerial officers upon whom the law imposes the duty of levying and enforcing this tax have kept even remotely within the authority conferred upon them by law.

"Courts have no rightful authority, by mere construction, to aid the defective execution of a power given or created exclusively by statute, nor dispense with those formalities which the Legislature has seen fit to provide to secure its due execution." (*Best. v. Gholson,* 89 Ill. 465.)

Nor does the rule laid down in the case of *Sweet et al. v. Boyd et al.,* 6 Okla. 700, 52 Pac. 939, cited by counsel for defendant, help his cause. In that case it was held that:

"Where a party invokes the powers of a court of equity to relieve from the payment of a tax, he must not only show that there has been a departure in manner or time from the proceedings provided for the assessment, levy, or collection of the tax, or an omission in the procedure, but he must show that such departure or omission affects the ground work and substance of the procedure and affects the justice or merits of the claim on the part of the public, and injuriously affects his substantial rights. A court of equity will not lend its aid, by injunction, to restrain the collection of taxes because of mere irregularities in the tax proceedings, which did not injure the substantial rights of the plaintiff."

This case simply holds that mere irregularity in the levying of taxes does not render the tax void, and, unless the party who resists the tax can show that he has been injured thereby, he has no standing in a court of equity. In the case at bar, however, the omission was not a mere irregularity, but there was an absolute and utter failure on the part of the township officers to comply with the requirements of the statute. In such a case

injunction is the proper remedy. Section 4440, Wilson's Rev. & Ann. St. Okla. 1903, provides that:

"An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction. * * *."

The judgment of the court below is affirmed.

All the Justices concur.