**GULF PIPE LINE CO. v. COUNTY TREASURER OF TULSA COUNTY.**

No. 15289—Opinion Filed June 2, 1925.

**1. Counties — Tax Levy for Free County Fair as "Current Expense."**

A tax levy made by the county for the support of a free county fair is a current expense of the county and should be included in its general estimate for current expenses.

**2. Same—Illegal Diversion of Current Expense Fund to Pay Old Debt.**

A county and its subdivisions cannot divert taxes levied for current expenses to the payment of existing indebtedness created by the municipality during a previous fiscal year.

**3. Same—Current Expense Levy—Uniformity on Various Classes of Property.**

The current expenses of a county and i's subdivisions should be levied against the several classes of property situated in the municipality, so that no class of property will bear a disproportionate share of the burdens chargeable against the property subject to taxation.

**4. Same—Judgment Denying Recovery of Taxes Paid Under Protest Not Sustained.**

Record examined; held, to be insufficient to support judgment against the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by the Gulf Pine Line Company against the County Treasurer of Tulsa County to recover taxes paid under protest. Judgment for the defendant. Plaintiff brings error. Reversed and remanded.

Jas. B. Diggs, Wm. C. Liedtke, and Redmond S. Cole, for plaintiff in error.

John M. Goldesberry, Co. Atty., Jas. Harrington, Asst. Co. Atty., and A. E. Montgomery, for defendant in error.

Opinion by STEPHENSON, C. The Gulf Pipe Line Company paid taxes under protest levied against its property to the county treasurer of Tulsa county, and thereafter commenced suit for recovery according to statutory provisions. The trial of the cause resulted in the court sustaining the defendant's demurrer to the plaintiff's evidence. Judgment went for the defendant upon the demurrer, and the plaintiff has appealed the cause for review. The petition pleads a number of causes for action, but the questions presented by the appeal may be grouped under three propositions: First, that a tax levied by a county for the support of a free county fair is a current expense of the county, and should be included in its general estimate for current expenses; second, a county and its sub-divisions cannot divert taxes levied for current expenses to the payment of existing indebtedness created during prior fiscal years; third, a county and its sub-divisions are required by law to levy taxes for current expenses against the property of the municipality so that no class of property will bear more than its proportionate share of the expenses of government, as compared with other property subject to taxation.

It is conceded that Tulsa county is not authorized to levy more than four mills for current expenses. The defendant caused an estimate to be made and levied for the support of a free county fair in the fiscal year 1921-22. The county excluded the item from its estimate for current expenses. The general estimate as prepared by the defendant, plus the levy for the support of a free county fair, exceeded a four mill levy. The levy which was made for the support of a free county fair was a current expense of the county and should have been included in its general estimate for current expenses. St. L. & S. F. Ry. Co. v. McIntosh, Co. Treas., 103 Okla. 246, 229 Pac. 1064.

The defendant was not authorized by law to levy an estimate for current expenses, plus 10 per cent. thereof, which would exceed a four mill levy against the property of the county. It was the duty of the county to cause its estimate to be prepared for a sum of money, so that 10 per cent. thereof plus the estimate for current expenses, would not exceed a four mill levy. St. L. & S. F. Ry. Co. v. Caldwell, Co. Treas., 75 Okla. 153, 182 Pac. 688.

The second proposition as above made involves the question of the county, and some of the school districts, issuing warrants in excess of the estimate, as made and approved for current expenses in the year in which the warrants were issued. It appears from the allegations of the petition and the proof as made in the cause that Tulsa county, during the fiscal year preceding 1921-22, issued warrants in excess of the estimate as approved and levied for that year, to the extent of about $10,000. It appears that some of the school districts also issued their warrants in excess of the estimate, as approved and levied for the year preceding the fiscal year 1921-22. The approved estimate upon which the tax levy was made, that is now in question, did not include an estimate for

the payment of warrants which were issued in excess of the approved estimate for the preceding fiscal year. The plaintiff makes the point that if the warrants were not paid, it would leave a surplus fund from the taxes collected in that year, which surplus should have been taken into consideration in making up the estimate for the fiscal year 1921-22. Since warrants were issued by the county and municipalities in excess of the approved estimates, it follows that warrants were lawfully issued by the county and school districts equal to the approved estimates as levied. There could be no surplus on hand, either with the county or the municipalities, if the full estimate as approved and levied had been collected in toto.

The approved estimate is the basic support for the levy of taxes. Any sums of money levied as taxes in excess of the approved estimate are void. Nelson, Sheriff, v. Okla. City & W. Ry. Co., 24 Okla. 617, 104 Pac. 42. There could not be a surplus fund remaining from a tax levy, which did not exceed the estimate, if the municipality issued warrants in excess of the approved estimate. It is not made to appear that Tulsa county made a tax levy in excess of its approved estimate for the fiscal year 1920-21.

The point made by the plaintiff in this respect would be well taken if the county and school districts had estimated an item to be levied as taxes for the payment of the warrants issued during the preceding fiscal year. A county and its subdivisions are not authorized to divert money collected from taxes levied for current expenses, to pay existing indebtedness created during a previous fiscal year. If any warrants remain unpaid, which were issued during the fiscal year 1920-21, there are only two legal methods for their payment.

(1) By reducing the warrants to a judgment and a levy for the payment of the judgment; and

(2) The issuing of funding bonds for their payment.

The charges made in this respect by the plaintiff, if established in either instance, would constitute a complete defense to a suit on the warrants, or in an action for funding the warrants by the county. These questions might be presented as a defense in either action by any taxpayer in Tulsa county.

If Tulsa county had made an estimate and levy for the payment of warrants issued in the previous fiscal year, then the matters presented under the second proposi-

tion would be proper for consideration.

It appears that the excise board of Tulsa county treated the property of the plaintiff as of one value in arriving at the number of mills which should be levied, to raise an amount of taxes equal to the estimated current needs, and that a greater value for the same property was extended on the tax rolls for taxation. The effect of using a less valuation on plaintiff's property in fixing the number of mills to be levied on plaintiff's property than that valuation of the property extended on the tax rolls resulted in Tulsa county and its subdivisions levying a tax on plaintiff's property in excess of the estimated current needs for that year. The defendant was not authorized to cause a greater levy of taxes for current expenses, than the sum total of its approved estimate for such expenses. The county and its subdivisions are not authorized, either directly, or indirectly, to cause a tax to be levied in a greater sum than that necessary to equal its approved needs for current expenses.

The estimate for current expenses as approved by the excise board is the basic support for the tax levy. Any tax levy in excess of the approved estimate for current expenses is null and void. Nelson, Sheriff, v. Okla. City & W. Ry. Co., 24 Okla. 617, 104 Pac. 42; A., T. & S. F. Ry. Co. v. Wiggins, 5 Okla. 477, 49 Pac. 1019; Wiggins, Co. Treas., v. A., T. & S. F. Ry. Co., 9 Okla. 118, 59 Pac. 248; St. L. & S. F. Ry. Co. v. Thompson, 35 Okla. 138, 128 Pac. 685; St. L. & S. F. Ry. Co. v. Amend, 44 Okla. 602, 145 Pac. 1117; Dickinson v. Blackwood, Co. Treas., 76 Okla. 175, 184 Pac. 582; El Reno Wholesale Gro. Co. v. Taylor, Co. Treas., 87 Okla. 140, 209 Pac. 749.

The effect of permitting the defendant to extend the value of plaintiff's property on the tax rolls for taxation, at a greater value than that used in ascertaining the number of mills which would be required to be levied to meet the estimated current expenses, results in the county and its subdivisions creating a surplus fund for which a need does not exist. The county cannot raise or establish a surplus fund by taxation above its needs at the expense of the taxpayers of the county. It must confine its tax levies to the estimated needs, as approved by the excise board.

It is recommended that the cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 634. (2) 15 C. J. p. 584. (3) 15 C. J. p. 640. (4) 37 Cyc. p. 1189.