L. Supp. p. 714. (2) 17 C. J. p. 888, §190. (3) 38 Cyc. p. 1619; 14 R. C. L. p. 786; 4 R. C. L. Supp. p. 919; 5 R. C. L. Supp. p. 777; 6 R. C. L. Supp. p. 831; 7 R. C. L. Supp. p. 469. (4) 17 C. J. p. 888, §190.

---

**ALBRECHT et al. v. JONES, County Treas.**

No. 17839. Opinion Filed May 8, 1928.

(Syllabus.)

1. **Counties—Excessive Tax Levy for Current Expenses—Recovery of Excess Paid Under Protest.**

An unauthorized tax levy by the county excise board which exceeds the limit for current expenses, as provided by section 9692, C. O. S. 1921, is illegal, and such part of the levy as is excessive, when paid under protest, may be recovered.

2. **Appeal and Error—Right of Review—Failure to Except to Judgment as to One of Several Causes of Action.**

Where the unsuccessful party in the trial court fails to save an exception to the judgment of the court as to one cause of action and fails to give notice of appeal therefrom, this court is without jurisdiction to review such judgment, although the appeal of said case may be duly perfected as to other causes of action.

3. **Counties—Tax Levies—Duties of Excise Board—Deduction for "Surplus Balance of Revenue or Levy on Hand"—Uncollected Delinquent Taxes not Proper Item for Deduction.**

Section 9699, C. O. S. 1921, provides that when the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have computed the total of the several items of appropriation for current expenses and sinking fund purposes, with 10 per cent. added thereto for delinquent tax, they shall thereupon make the levies therefor, after deducting from the total so computed the amount of any surplus balance ascertained to be on hand from the previous fiscal year or years, together with the amount of probable income of each from all sources other than ad valorem taxation. Held, in making such deduction the total amount of uncollected delinquent taxes for all previous years is not a surplus balance ascertained to be on hand from such years.

4. **Townships—Tax Limit—Levy for Current Expenses.**

Under section 9692, C. O. S. 1921, the levy for current expenses of a township is limited to 1.5 mills, and any levy in excess of 1.5 mills is void, unless the question of making such levy has been duly submitted to the qualified electors of the township at an election held for the purpose of passing upon such levy, as provided by section 9707, C. O. S. 1921.

5. **Highways—Township Tax Levy for Road Drag Purposes—Levy and Preservation as Separate Fund.**

The levy of 2 mills for road drag purposes, provided by section 10203, C. O. S. 1921, was authorized for the purpose of assisting the state in maintaining its systems of good roads, and when the excise board makes such levy against the taxable property of a township, such levy must be separate, distinct, and apart from the levy authorized for current expenses, and the product of such levy must be maintained in a separate fund, designated "road drag tax fund," and such fund may not be used for any purpose other than specified in said section 10203.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by W. C. Albrecht and others against J. R. Jones, County Treasurer of Okmulgee County. From a judgment in favor of the defendant, as to certain causes of action, the plaintiff appeals. Affirmed in part, and reversed in part.

Adelbert Brown, Gordon Stater, and A. H. McLain, for plaintiffs in error.

A. N. Boatman, Co. Atty., and C. M. Gordon, Asst. Co. Atty., for defendant in error.

MASON, V. C. J. This action was instituted in the district court of Okmulgee county on the 23rd day of June, 1925, by the plaintiffs in error, W. C. Albrecht and more than 100 others, against the defendant in error herein to recover taxes paid by the plaintiffs under protest. The defendant filed answer in the nature of a general denial, and the cause was tried on an agreed statement of facts. Plaintiffs' petition contains 32 causes of action, but the judgment rendered on the 1st, 3rd, 5th, and 22nd to 32nd, inclusive, in favor of the defendant, is all that is involved in this appeal.

The questions presented by the appeal may be grouped under four propositions: (1) That a tax levied for county highways is a current expense of the county and should be included in its general estimate for current expenses. (2) That a tax levied by the excise board to create a city library fund is a current expense and the levy so made, with other levies of current expense authorized by law, cannot exceed the six-mill limit provided by section 9692, C. O. S. 1921. (3) Can a county, in determining its sur-

plus at the close of the preceding year, take into account all outstanding warrants, but only take into account the uncollected tax for the immediate preceding fiscal year, to the exclusion of prior years? (4) Can a township tax of 3.5 mills be levied for the general fund although no election has been held authorizing an increase over the maximum levy of 1.5 mill provided by section 9622, even though the product of two mills has been appropriated for road drag purposes, when no separate levy is made for the road drag fund and no separate account is kept for road drag purposes and no separate warrants for road drag purposes are issued?

It appears from the briefs herein that since this appeal has been perfected in this court, the parties have reached a settlement as to the first proposition, and for that reason we will not discuss the question presented, but will consider it as having been waived.

The second proposition, relative to the levy for the library fund, has been briefed by the plaintiffs, but the record discloses that plaintiffs saved no exceptions to the ruling of the court on this cause of action and gave no notice of appeal therefrom. The question, therefore, is not properly before us.

The next contention is founded on the fact that the plaintiffs protested two mills of the levy of the general fund of Okmulgee county on the ground that in making up a balance sheet, the excise board took into consideration as a liability all the outstanding warrants against the county, while they considered only as an asset the unpaid taxes for the year immediately preceding. Plaintiffs contend that all delinquent taxes owing to the county should have been set up as an asset; it being contended that the assets of the county consist of cash on hand and the outstanding taxes.

Section 9699, C. O. S. 1921, the section of the statute which controls, provides:

"When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof and shall have computed the total of the several items of appropriations for current expense and sinking fund purposes for the county, and each municipal subdivision thereof with ten per cent. (10 per cent.) added thereto for delinquent tax, they shall thereupon make the levies therefor, after deducting from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years, together with the amount of the probable income of each from all sources other than ad valorem taxation. * * *"

It will be observed that said section provides that when the excise board has computed the total appropriation and has added ten per cent. allowance for delinquent taxes, it shall deduct "from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years." We cannot agree with the proposition that surplus balance or revenue on hand be construed to include all uncollected taxes, but, in our opinion, means cash or liquid assets on hand, that is, any unexpended balance of such taxes which actually has been collected. The purpose of a balance sheet is to show the true condition of the county's business. It will not do this if uncollected items are carried as assets, and it is a matter of common knowledge that the entire amount of all taxes levied by municipalities is never collected.

There is no way of ascertaining the amount of taxes that may become delinquent in any one year, nor is there any way to determine the amount of such delinquent taxes of previous years that may be paid. The Legislature, in the foregoing act, undertook to approximate the amount of delinquent taxes at ten per cent. If they should amount to less than ten per cent., then the balance would be set up at the beginning of the next fiscal year as a surplus on hand and the taxpayer would get the full benefit thereof. Plaintiffs' contention is not supported by the statute or by sound reason and it could not reflect the intention of the Legislature. If all delinquent taxes of the county were set up each year as assets, it would only be a question of time until the total amount thereof would be such that no balance would remain when it was deducted, as provided by section 9699, from the amount required by the municipality. In such case, the county might be without any funds whatever, or without sufficient funds with which to operate, dependent upon the collection of such delinquent taxes.

We conclude that the judgment of the trial court, in favor of the defendant as to this cause of action, is correct.

The fourth proposition involves plaintiffs' causes of action 22 to 32, inclusive, which are based upon a levy of 3.5 mills made for the benefit of the general fund of each of the 11 townships of Okmulgee county. It is contended that the levy so made was two mills in excess of the levy authorized by section 9692, C. O. S. 1921, which provides, specifically, that no more than 1.5 shall be

levied for township current expenses. No election, as provided by section 9707, C. O. S. 1921, was held for the purpose of passing upon such excess levy.

The stipulation of facts, in so far as it pertains to this question, provides:

"It is further stipulated and agreed that a levy of 3.5 mills was made for the benefit of the general fund for each and every township in Okmulgee county for the aforesaid fiscal year and that no election was held in any of the said townships authorizing an increased levy for any purpose. That an appropriation was made which was equivalent to the product of 2 mills based upon the total assessed valuation of all property in each of said townships 'for dragging and other maintenance of roads' and that the product of 1.5 mills was appropriated for the following purposes: 'for road work, including compensation of supervisors'; 'for building bridges and culverts, and purchase of right of way'; but that warrants are being drawn upon two funds only for said townships, the general fund and sinking fund."

It is contended in defendant's brief that 1.5 mills was levied for current expenses of the township and the other two mills for dragging and other maintenance of the roads. The record, however, does not bear out this contention and the stipulation recites that the "levy of 3.5 mills was made for the purpose of the general fund." This same question was before this court in the case of Magnolia Petroleum Co. v. Sappington, 124 Okla. 16, 253 Pac. 483, and the same contentions were made by the defendant, which this court refused to follow.

The syllabus in that case is as follows:

"Under section 9692, C. O. S. 1921, the levy for current expenses of a township is limited to 1.5 mills, and any levy in excess of 1 5 mills is void, unless the question of making such levy has been duly submitted to the qualified electors of the township at an election held for the purpose of passing upon such levy, as provided by section 9707, C. O. S. 1921.

"The levy of 2 mills for road drag purposes, provided by section 10203, C. O. S. 1921, was authorized for the purpose of assisting the state in maintaining its systems of good roads, and when the excise board makes such levy against the taxable property of a township, such levy must be separate. distinct, and apart from the levy authorized for current expenses, and the product of such levy must be maintained in a separate fund, designated 'road drag tax fund,' and such fund may not be used for any purpose other than specified in said section 10203."

For the reasons herein stated, the judg-

ment of the trial court is reversed in so far as it renders judgment in favor of the defendant in causes Nos. 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32, and the case is remanded with directions to render judgment for the plaintiffs in conformity to the views herein expressed. The remainder of said judgment is affirmed.

HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 15 C. J. p. 636, §349; anno. 48 A. L. R. 1386; 26 R. C. L. 459; 7 R. C. L. Supp. p. 900. (2) 3 C. J. p. 940, §827. (4) 38 Cyc. p. 652. (5) 38 Cyc. p. 653.