## OKLAHOMA NATURAL GAS CORP. v. BLAKE, Co. Treas.

No. 18614. Opinion Filed Oct. 2, 1928.

Brown & Stater, Everest, Vaught & Brewer, Wilson & Wilson, Shirk, Danner & Lindley, and Embry, Johnson & Tolbert, for plaintiff in error.

W. F. Pardoe, Co. Atty., for defendant in error.

REID, C. The parties will be referred to as they stood in the trial court.

This suit was brought under section 9971, C. O. S. 1921, to recover taxes paid under protest. The defendant's demurrer to plaintiff's petition was sustained, and the plaintiff elected to stand on the allegations of its petition, declined to plead further, and judgment was rendered in favor of the defendant, from which action of the court plaintiff prosecutes this appeal.

This suit is based upon the proposition that the amount sued for is a part of a levy made by the excise board of Creek county for the fiscal year beginning July 1, 1926, for the benefit of Creek county in the total amount of 13.71 mills, and that the excessive millage levied and collected resulted from the fact that the balance sheet of the estimate approved by the excise board did not reflect the true financial condition of the county on June 30, 1926, in this: That while it set out as assets the balance of the taxes unpaid but levied for the fiscal year beginning July 1, 1925, and ending June 30, 1926, the statement of assets should have also included the amount of taxes levied and remaining uncollected for the fiscal year beginning July 1, 1924, and ending June 30, 1925, and that this caused an excessive levy of .40 mills, or an illegal tax of $310.32 against plaintiff, which it paid and for which it sued.

No extended discussion of the question here presented is necessary for the reason that it has recently been determined by this court adversely to plaintiff's contention in the case of Albrecht v. Jones, Co. Treas., 130 Okla. 277, 267 Pac. 270, where it was said:

"Section 9699, C. O. S. 1921, the section of the statutes which controls, provides:

"'When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof and shall have computed the total of the several items of appropriations for current expense and sinking fund purposes for the county and each municipal subdivision thereof with ten per cent. (10 per cent.) added thereto for delinquent tax, they shall thereupon make the levies therefor, after deducting from the total so computed the amount of any surplus balance of revenue or levy,

ascertained to be on hand from the previous fiscal year or years, together with the amount of the probable income of each from all sources other than ad valorem taxation. * * *'

"It will be observed that said section provides that when the excise boards has computed the total appropriation and has added 10 per cent. allowance for delinquent taxes it shall deduct 'from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years.' We cannot agree with the proposition that surplus balance or revenue on hand be construed to include all uncollected taxes, but, in our opinion, means cash or liquid assets on hand, that is, any unexpended balance of such taxes which actually has been collected. The purpose of a balance sheet is to show the true condition of the county's business. It will not do that if uncollected items. are carried as assets, and it is a matter of common knowledge that the entire amount of all taxes levied by municipalities is never collected."

The only possible distinction between the question presented in the foregoing case and the one here to be determined, is that it appears from the opinion that there plaintiff contended that the uncollected taxes for all previous years should have been considered an asset, while here the error is alleged on the fact that the uncollected taxes for the second preceding year were not considered as assets of the county. However, the principle there decided determines the exact question here presented, and therefore the trial court did not err in sustaining defendant's demurrer to plaintiff's petition.

The judgment of the trial court is affirmed.

TEEHEE, FOSTER, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.