In re MONSELL.

MONSELL et al. v. EXCISE BOARD OF TULSA COUNTY.

No. 20295. Opinion Filed Jan. 14, 1930.

Rehearing Denied March 11, 1930.

The second proposition is:

"The taxing officials, without any authority of law, arbitrarily added 10 per cent. of the amounts to be received from ¼ mill state levy, gross production tax, gasoline excise tax and automobile license tax, and levied a tax therefor which resulted in an excessive levy of .2578 mill, which should be abated."

Where the estimated income to the county highway fund, together with the balance on hand in that fund, is sufficient to supply the needs of that fund, no tax levy is necessary for that fund, and a tax levy is required only where the balance on hand, together with the estimated income from other sources than ad valorem taxation, is sufficient to meet the needs of that fund. El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 Pac. 749; Hines v. Dalton, 90 Okla. 239, 217 Pac. 168. Where the estimated needs of the county highway fund are in excess of the amount of the balance on hand and the estimated income from sources other than ad valorem taxation, the excess can be supplied only by a tax levy. When a tax levy is necessary to be made, it may be made only in the manner provided by sections 9698 and 9699, C. O. S. 1921, which require an addition of 10 per cent. for delinquencies. That addition must be made without regard to the amount or the source of the estimated income from sources other than for ad valorem taxation.

The record in this case shows the balance on hand and the estimated income from other sources was not sufficient for the needs of the county highway fund and a tax levy was necessary for that fund. The amount of the levy was properly computed, and there was no error on the part of the Court of Tax Review. Its judgment on the second proposition is affirmed.

The first proposition is:

"It is the duty of the taxing officials in computing the tax levy for the ensuing fiscal year to make a true balance sheet statement as of June 30th for the preceding year, and in computing the assets to the credit of any particular fund they must ascertain the correct amount of surplus revenue or levy on hand, including taxes in process of collection, and before making their final tax levy they must deduct from the requirements the true amount of surplus on hand, including the correct amount of taxes in process of collection, and if their failure to make the reduction results in an understatement of the surplus and therefore an overstatement of the tax requirement, the taxpayer can recover on account of the excessive levy thereby caused.

"In this case the taxing officials arbitrar-

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for protestants.

Byron Kirkpatrick, Co. Atty., and Hugh Webster, Asst. Co. Atty., and Ed. O. Cassidy, for protestee.

ANDREWS, J. E. M. Monsell and George Magnien protested certain tax levies made by the excise board of Tulsa county for the fiscal year beginning July 1, 1928, as illegal and excessive. An appeal was taken by protestants from the judgment of the Court of Tax Review.

Protestants present two propositions, which we will consider in the inverse order of their presentation.

ily and without cause failed to consider the proper amount of taxes in process of collection available, thereby understated the true surplus, and caused an excessive levy of .254 mill."

It is contended by the protestants that the financial statement and estimate shows approximately $60,000 of taxes in process of collection and that this item was not considered by the excise board in making the levies for the county highway fund. This court in Albrecht v. Jones, 130 Okla. 277, 267 Pac. 270, held that the taxes in process of collection for the year in which the financial statement was made must be included and that the taxes in process of collection for prior years should not be included. The financial statement shows a net balance of $951.32 in this fund for the current year and protestants contend that this is erroneous in that $60,521.89, being 10 per cent. added for delinquent ad valorem taxes, was unlawfully deducted, and that a portion of that amount should have been considered as a "balance of levy." The appropriation for the preceding year was $605,218.95, to which was added 10 per cent., making a total of $665,740.84, and after the deduction of the balance on hand and estimated income for that year there was left a balance of $167,345.80, for which a tax levy was made. Protestants contend that 10 per cent. should not have been added to the "balance on hand and estimated income from other sources" at the beginning of the fiscal year, and that if the 10 per cent. had not been added to the balance on hand and estimated income, the deduction would not have been $60,521.89, but would have been only $15,213.25.

The theory outlined by protestants sounds reasonable, but when the rule announced in Albrecht v. Jones, supra, and the rule announced on the second proposition presented herein are applied thereto, the theory cannot be sustained.

As hereinbefore stated, in computing the amount of the tax levy, 10 per cent. must be added. That 10 per cent. must be deducted from the amount of uncollected taxes at the end of the year in order to ascertain the "surplus of revenue and levy" on hand for the next fiscal year. The addition of the 10 per cent. for delinquencies is justifiable only on the theory that approximately that proportion of the tax will not be collected during the fiscal year. An appropriation is made and indebtedness is authorized to be contracted to the amount of that appropriation. If the tax levy produced only an amount equal to that appropriated, failure to pay taxes would result in lawful indebtedness with no funds for the payment thereof. The 10 per cent. is added so that the tax levy will produce an amount 10 per cent. in excess of the amount of the appropriation to the end that there may be collected sufficient funds to pay the legal indebtedness. It would be a strange thing to permit the inclusion of this 10 per cent. in making the levy on the theory that it would not be collected and then at the end of the fiscal year estimate that it would be collected. That method of accounting would result in showing a surplus that did not exist. Of course, if any part of the 10 per cent. has been collected, it would appear as cash and not as uncollected taxes.

Section 9699, C. O. S. 1921, in so far as it is applicable to the question presented, provides:

"The excise board * * * after deducting from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years, together with the amount of the probable income of each from all sources other than ad valorem taxation, * * *"

—and this court in construing that section, in Albrecht v. Jones, supra, held that the language "surplus balance" means "surplus balance estimated to be on hand." We cannot omit the word "surplus" from either this decision or the statute. It has a fixed and definite meaning, and was used advisedly. We hold that the word "surplus," as used in the statute, means an amount in excess of the legal indebtedness contracted during the previous fiscal year or years. If there remains no amount in excess of the legal indebtedness so contracted, there is no surplus.

When a valid appropriation is made, contracts may be entered into for the purpose for which the appropriation was made, aggregating an amount not in excess thereof. Threadgill v. Peterson, 95 Okla. 187, 219 Pac. 389. These contracts must be settled from that appropriation, and they cannot be carried over and paid from an appropriation for a subsequent year. Gulf Pipe Line Co. v. County Treasurer, 110 Okla. 163, 236 Pac. 896. When a levy is made to raise the money appropriated, an additional amount of 10 per cent., as provided by the statutes, is added. If indebtedness is contracted to the full amount of the appropriation and only the amount of the tax levied, less 10 per cent., is collected, there can be no surplus from the levy. If indebtedness is not contracted to the amount of the appropriation and the amount of the tax, less 10 per cent.,

is collected. or if any portion of the 10 per cent. of the tax is collected, there will be a surplus from the levy. That surplus may appear at the end of the current year, and will so appear if the tax is all collected by that time, but, under our system for collecting taxes it is probable that it will not appear until some succeeding year. Whenever it does appear, it must be accounted for as provided by section 9699, Id. Ryan, Co. Treas., v. Roach Drug Co., 113 Okla. 130, 239 Pac. 912.

Section 9699, Id., provides for the deduction of a balance of "revenue or levy." We think there is a material difference between "revenue" and "levy," as so used. Evidently "revenue" was there used to distinguish receipts from sources other than by ad valorem taxation, and we so hold. Estimated income from other sources is considered in determining the amount of the appropriation and levy, and where only the amount estimated is received from those sources, there cannot be a surplus from revenue. But where the income actually received from other sources exceeds the estimate thereof, there will be a surplus balance of revenue. Where there is such a surplus, it must be accounted for as provided by section 9699, Id.

We therefore hold that "the amount of the probable income of each from all sources other than ad valorem taxation," as used in section 9699, Id., means the amount of probable income during the current year from sources other than ad valorem taxation, and the amount of probable income from ad valorem taxation during the current year from sources other than ad valorem taxation for the current year.

The estimate of probable income from ad valorem taxation during the current year from sources other than ad valorem taxation for the current year is limited to the year immediately preceding and may not include prior years. Albrecht v. Jones, supra.

The estimate of probable income from ad valorem taxation during the current year from sources other than ad valorem taxation for the current year must exclude the 10 per cent. added for delinquent tax in the preceding year from the amount of uncollected taxes for that year.

Under the provisions of section 9699, Id., when the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the taxing unit and shall have computed the appropriations for that unit, it shall add to each appropriation 10 per cent. of the amount thereof for delinquent tax. It shall then deduct therefrom the excess of the money collected during the previous year or years from tax levies and from sources other than ad valorem taxation for those years over and above the amount of legal indebtedness contracted during those years and remaining unpaid. It shall then deduct therefrom the amount of probable income during the current year from sources other than ad valorem taxation not in excess of the amount actually collected for the previous fiscal year from that source. It shall then deduct therefrom the amount of probable income during the current year from ad valorem taxation for the year immediately preceding in excess of the legal indebtedness for that year not to exceed the amount actually collected for the previous fiscal year from that source and not to include the 10 per cent. added during that year for delinquent tax. It shall then make the levies for the various funds based on the amounts to be raised by ad valorem taxation as so computed and not in excess of the legal rate therefor.

The record in this case shows that there was deducted from the amount of uncollected taxes at the end of the fiscal year only the 10 per cent. that had been added at the beginning of the fiscal year, leaving uncollected taxes to the amount of $951.32. The deduction as made was correct.

There is no showing in the record of the indebtedness contracted during the fiscal year, and for that reason we are unable to say whether or not there was a "surplus balance of levy on hand." If indebtedness had been contracted to the full amount of the appropriation, this small balance of uncollected taxes would be necessary to care for that indebtedness and there would be no surplus. There being no evidence in the record to show a "surplus balance or levy on hand," the judgment of the Court of Tax Review in denying protestants the relief prayed for on their first proposition is affirmed.

The judgment of the Court of Tax Review is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. RILEY, J., absent.