**TURNER v. PITTS, Co. Treas.**

No. 21494. Opinion Filed Jan. 31, 1933.

Rehearing Denied March 7, 1933.

Adelbert Brown, for plaintiff in error.

Phil K. Oldham and Earle Boyd Pierce, for defendant in error.

RILEY, C. J. This is an action commenced by plaintiff in error, hereinafter referred to as plaintiff, against the county treasurer of Muskogee county, herein referred to as defendant, to recover certain taxes paid by plaintiff and claimed to have been illegally levied.

The petition filed in the district court set up three alleged causes of action. The first cause is based upon an alleged excess levy of 2.45 mills levied by the excise board for the benefit of the county highway fund for the fiscal year ending June 30, 1927. The grounds upon which plaintiff relied for recovery were that the levy of 2.45 mills was levied over and above the four mills for current expenses and without a vote of the people and was on that account illegal and void.

The second cause of action claimed an excessive levy of 1.74 mills, alleged to have arisen by understatement of the surplus on hand in the general fund at the end of the previous fiscal year. The third cause is based upon a like alleged understatement of the surplus in the county sinking fund, whereby plaintiff claims an excessive levy was made for that fund to the extent of .36 mills.

At the trial there were introduced in evidence, the financial statement of the county as of the close of the fiscal year June 30, 1926; the estimated needs and appropriations made for the fiscal year ending June 30, 1927; the certificate of the excise board showing the total appropriations and additions for delinquent tax; the deductions on account of surplus revenue from the previous fiscal year; the estimated income from sources other than ad valorem tax;

the order making the levy for the various purposes for the general fund and sinking fund; and the proof of publication of the financial statement and estimated needs. Thereupon plaintiff asked leave to amend his petition in certain particulars, so, as he claimed, to conform to the proof made. Defendant objected, and the objection was sustained and leave to amend was denied. After saving his exceptions to the rulings of the court, the plaintiff then rested his case. Thereupon defendant demurred to the evidence. The demurrer was sustained and judgment was entered for defendant.

The judgment rendered, as to the first cause of action, under the issues as limited by the court, was undoubtedly correct. Plaintiff was relying wholly upon the lack of power to make a levy for county highway purposes, which would, when added to the levy made for ordinary current expenses, exceed four mills when such excess levy was not authorized by the voters at an election held for that purpose. This action was commenced April 12, 1927, but was not tried until February 7, 1930. In the meantime, M., K. & T. Ry. Co. v. Washington County, 136 Okla. 191. 276 P. 769, was decided by this court. Therein the question was decided adversely to the claim of plaintiff, and sustained the levy under the authority of chapter 48, S. L. 1923-24. Turner v. Cox, 138 Okla. 225, 280 P. 568, and Grubb v. Smiley, Co. Treas., 142 Okla. 19, 285 P. 38, also sustain such a levy.

Plaintiff sought to amend by alleging that the estimate for county highway purposes upon which the 2.45 mills levy was based was not properly itemized. The amendment in this regard was properly denied for the reason that the evidence introduced by plaintiff showed the estimate was properly itemized. The blank prepared by the State Examiner and Inspector did not contain sufficient space for all the items, and a separate typewritten sheet was attached, showing the various items in detail. Plaintiff contended that the evidence did not show when this sheet was attached. It was attached when he offered the estimate in evidence, and there was no showing that it was not so attached at the time the estimate was presented to and considered by the excise board.

The judgment rendered on the second cause of action was correct under the issues as limited by the trial court.

Plaintiff based his second cause of action upon the failure of the financial statement to account or show, as a part of surplus assets of the county as of June 30, 1926, and as taxes in process of collection, an alleged uncollected balance of taxes for the fiscal year ending June 30, 1925.

This question has many times been decided adversely to plaintiff's claim. The decisions in Albrecht v. Jones, 130 Okla. 277, 267 P. 270; Okla. Nat. Gas Corp. v. Blake, County Treas., 133 Okla. 13, 270 P. 843; Grubbs v. Smiley, supra; Coggeshell & Co. v. Smiley, 142 Okla. 8, 285 P. 48, and Monsell v. Excise Board of Tulsa County, 142 Okla. 130, 285 P. 836, all hold that the amount of uncollected delinquent taxes for all previous years is not a surplus balance ascertained to be on hand from such years, and that only the uncollected balance of the taxes for the fiscal year for which the financial statement is made, is to be considered in determining the surplus balance on hand at the close of the fiscal year for which the financial statement is made.

The amendment sought as to this cause of action was, in effect, to allege that, in preparing the financial statement, there was a reserve made of $63,648.98, purporting to represent a reserve for unexpended appropriations, and that said sum did not, in fact, represent a liability or charge against the general fund of the county for the fiscal year ending June 30, 1926.

The balance sheet of the county general fund, as of June 30, 1926, showed outstanding warrants, $161,251.24, and "reserve for appropriations, $63,648.98." There was also reserved for interest on outstanding warrants the sum of $5,000. These sums, when deducted from the total available assets, left a surplus stated at $18,022.97. There was no showing whether or not there were any pending claims or unfinished transactions, which, when finished, would be a charge against any of the appropriations made for the fiscal year ending June 30, 1926.

It has been repeatedly held by this court that a reserve for appropriations may not be made without a further showing of some legal claim or unfinished contract or transaction, which would be, when completed, a proper charge against such appropriation.

In Coggeshell & Co. v. Smiley, supra, it is expressly held:

"An excise board is without authority of law to permit the deduction from the funds on hand at the close of the fiscal year of an amount reserved 'for appropriations,' and a levy based on appropriation made after such deduction is to that extent excessive and void."

The allowance of an amendment requested after trial has commenced, is in the sound discretion of the trial court, and ordinar-

ily such amendment is allowed when timely request is made and it appears that justice would be furthered thereby. Section 318, C. O. S. 1921 [O. S. 1931, sec. 251]; Southwestern Broom & Warehouse Co. v. City National Bk., 52 Okla. 422, 153 P. 204; Jantzen v. Immanuel German Baptist Church, 27 Okla. 473. 112 P. 1127; Shawnee-Tecumseh Traction Co. v. Wollard, 54 Okla. 432, 153 P. 1189.

But such amendments are not to be allowed when they change substantially the claim or defense.

As stated above, plaintiff, in the first instance, claimed the right of recovery on his second cause of action on an alleged illegal or excessive levy to the extent of 1.74 mills based on an alleged understatement of the surplus on hand at the close of the fiscal year 1926, by which plaintiff claimed he was required to pay illegal and excessive taxes in the amount of $387.91. In his protest and notice of intention to sue to recover, he so stated the alleged excessive rate and the amount he claimed. By the proposed amendment he was claiming an additional illegal or excessive levy to the extent of 1.21 mills, based upon an additional and different alleged understatement of the surplus assets. He did not offer to withdraw or dismiss as to the original claim or any part thereof. The result of the amendment, if allowed, would have been to increase his claim from an alleged excessive levy of 1.74 mills to 2.95 mills, or from $387.91 to approximately $657.65. When his protest and notice was served upon the county treasurer, it became his duty to separate and hold apart from all other taxes only such an amount of the taxes paid by plaintiff going to the general current revenue fund of the county as was claimed by plaintiff to be illegal, viz., $387.-91. Therefore, some three years thereafter, when plaintiff requested to be allowed to amend his petition so as to include the additional amount, there were and could be no funds or money in the hands of the county treasurer with which to pay this additional claim of plaintiff if allowed by the court.

We are of the opinion that the trial court did not abuse its discretion in denying the amendment, and especially so in the absence of an offer of plaintiff to dismiss as to the original claim, or, at least, offer to reduce the same so as not to claim more on his second cause of action in the aggregate than the amount specified in the protest and notice.

Plaintiff's third cause of action was based upon an alleged understatement of the sur-

plus on hand in the sinking fund of the county at the close of the same fiscal year, and for the same reasons as set forth in his claim as to the general fund in his second cause of action. He was not entitled to recover for the reasons stated above.

Plaintiff also asked leave to amend by adding a purported cause of action as to a levy of 6.84 mills made for the benefit of school district No. 20. While the protest and notice given at the time plaintiff paid his taxes included this item, there was no mention thereof in the petition, and no action was ever commenced within the time provided by law to recover any part of the taxes paid under the levy made for the benefit of school district No. 20. The action of the trial court denying leave to amend as to this item was clearly correct.

Plaintiff asked leave to amend as to his first cause of action by alleging another and different reason for asserting that the 2.45 mills levy for the benefit of the county highway fund was claimed to be illegal, and by alleging in substance that the itemized estimate of the needs of said county for highway purposes was not published. The evidence introduced by plaintiff included the proof of publication of the estimated needs of the county for the fiscal year commencing July 1, 1926, and the publication thereof did not include the itemized statement of estimated needs for county highway purposes. The items appeared in the estimate under a heading: IXW, appeared to be properly itemized, but, in the published estimate, as shown by the proof of publication certified to the excise board, these items are entirely omitted so that it appears from the uncontradicted evidence that the itemized estimate for county highway purposes was never published.

The decision, In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67, holds:

"The financial statement and estimate required by the provisions of sections 9697 and 9698, C. O. S. 1921, must be published as therein provided, and an appropriation may be made for only those items for which estimates have been made and published."

See, also, Bonaparte, County Treas., v. Nelson, 142 Okla. 54, 285 P. 100; Jones, County Treas., v. Blaine, 149 Okla. 153, 300 P. 369.

Inasmuch as the amendment requested did not call for an increase in the amount claimed by plaintiff, but only set up an additional reason why plaintiff claimed a levy of 2.45 mills made for county highway purposes was illegal and void, we think the

request was proper, and that the amendment should have been allowed.

It does not necessarily follow, however, that the judgment should be reversed on account of the denial of this particular amendment. Defendant demurred to plaintiff's evidence, and the demurrer was sustained.

A careful examination of the entire record will disclose that there was no allegation or proof of the assessed value of plaintiff's property in Muskogee county for the year in question. There is a stipulation in the record that plaintiff paid the full amount of the first half of the ad valorem taxes for that fiscal year within the time provided by law, and that at the time he paid the same he delivered to the county treasurer a written notice of protest and notice of intention to sue to recover. But nowhere does he allege or prove the assessed value of his property in that county for that year, nor does the evidence show the amount of taxes paid by him or claimed to have been paid by him on account of the levy for county highway purposes. There is an allegation in the petition that plaintiff was the owner of property located in Muskogee county and subject to ad valorem taxation for the fiscal year in question, and that the full amount of the first half of the tax demanded by the defendant for that year was paid within the time prescribed by law.

There is nothing in the record upon which to determine the amount due plaintiff, if any, unless the statement made in the notice of protest be taken as true. And from that statement it is impossible to determine whether the amount stated as being claimed to have been illegally levied for county highway purposes, was the whole amount claimed for the year or merely for the first half. Nor is there anything in the stipulation to show the amount of taxes paid by plaintiff for county highway purposes or any other purpose. There is no law whereby the court was bound to take as true the statement made in the notice of protest. Therefore, there was nothing before the court by which it could determine what amount, if any, was due plaintiff. The trial court was right in sustaining the demurrer of the defendant to plaintiff's evidence.

The judgment is accordingly affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.