### EXCISE BOARD OF POTTAWATOMIE COUNTY v. SINCLAIR PRAIRIE OIL CO. et al.

No. 24589.   Jan. 30, 1934.

Randall Pitman, City Atty., and Clarence Tankersley, County Atty., for plaintiff in error.

Hunt & Eagleton, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review sustaining a protest as to the rate of levy for the library fund of the city of Shawnee, Okla., for the fiscal year commencing July 1, 1932.

It appears from the record that the financial statement as of June 30, 1931, for the library fund, showed a balance on hand at that time of $5,670.94, and that that balance was used as an asset in computing the amount of appropriation and the rate of levy for the library fund for the fiscal year commencing July 1, 1931.

The protestant contends, and the Court of Tax Review found and held, that there was a surplus of $1,423.28 in the library fund on hand June 30, 1932, which was not used to reduce the rate of levy for the fiscal year commencing July 1, 1932.

There is no dispute as to the facts. The parties disagree herein as to the application of the law to the facts.

The record shows that in computing the surplus on hand June 30, 1931, there was included an item representing the net 1930 taxes uncollected. Under the decisions of this court in Turner v. Pitts, Co. Treas., 162 Okla. 246, 19 P. (2d) 563; Albrecht v. Jones, 130 Okla. 277, 267 P. 270; Oklahoma Nat. Gas Corp. v. Blake, Co. Treas., 133 Okla. 13, 270 P. 843; Grubb v. Smiley, Co. Treas., 142 Okla. 19, 285 P. 38; C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48; Monsell v. Excise Board of Tulsa County, 142 Okla. 130, 285 P. 836; Berryman v. Bonaparte, Co. Treas., 155 Okla. 165, 11 P. (2d) 164, that amount was properly used. It was the net amount of uncollected taxes for the year immediately preceding the year in which the levy was being made, that is, the levy for the fiscal year commencing July 1, 1931. The record further shows that that amount of taxes was not collected during the fiscal year commencing July 1, 1931.

The protestant contends that, notwithstanding the failure to collect the entire amount, the amount should be used in determining the balance on hand June 30, 1932. Therein the protestant is in error, for to do so would be to include in the computation as to the rate of levy for the fiscal year commencing July 1, 1932, an amount of uncollected taxes for a year other than the year immediately preceding, in violation of the rule stated in the cases hereinbefore cited.

We agree with the contention of the protestant that taxes in process of collection for the current year are a proper asset to be considered in determining the surplus, if any, existing at the close of that year, but that rule has no application to the facts shown by the record in this case wherein the protestant contends that taxes in process of collection for another year are a proper asset.

In other words, the taxes in process of collection for the fiscal year commencing July 1, 1931, are a proper asset to be considered in determining the surplus, if any, existing on June 30, 1932, for the purpose of computing the rate of levy for the fiscal year commencing July 1, 1932, but taxes in process of collection for the fiscal year commencing July 1, 1930, may not be included therein. We do not agree with the theory of the protestant that the method followed by the excise board was an "ingenious device" to increase the tax levy for the fiscal year commencing July 1, 1932, or that the plan followed operated to increase the rate of levy.

The judgment of the Court of Tax Review is erroneous. It is reversed and the cause is remanded to that court, with directions to dismiss the protest.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.