## EXCISE BOARD OF NOBLE COUNTY v. STANOLIND PIPE LINE CO. et al.

No. 28429.    May 31, 1938.

Judson H. Pierce, County Attorney of Noble County, for plaintiff in error.

Mastin Geschwind, for defendants in error.

GIBSON, J. The Court of Tax Review sustained a protest to a portion of the sinking fund levy of Noble county for the fiscal year 1937-38. The county appeals.

It was stipulated that there was $3,948 93 surplus cash on hand June 30, 1937, derived by collections during 1936-37 of taxes levied for the years 1934-35 and 1935-36 wholly in excess of the sinking fund requirements for said years and being part of the 10 per cent. reserve for delinquencies which was added to the requirements of said years, and that the excise board failed to appropriate said cash. It was also agreed that if the protest was sustainable, the sinking fund levy was excessive to the extent of .385 mill.

The county contends here that it was necessary to establish the protest by competent proof. The only evidence brought here is the stipulation. The Court of Tax Review had before it the financial statement and estimate. The protest necessarily places that before the Court of Tax Review. We must assume, also, that the stipulation was for the purpose of dispensing with proof of facts. Evidently the Court of Tax Review found from the financial statement and stipulation that there was a cash surplus, and found from the estimate and stipulation that it had not been appropriated. If there was in fact a deficit, it should have been shown other than by mere suggestion of counsel.

In the case of Chicago, R. I. & P. R. Co. v. Excise Board of Seminole County, 170 Okla. 573, 41 P.2d 473, we said:

"We can determine the correctness or incorrectness of the decisions of the Court of Tax Review only from the records that come to us from that court."

We must presume in favor of the validity of the judgment of the Court of Tax Review, since the stipulation clearly contemplates that there was on hand a cash sinking fund surplus unappropriated. Stipulations made for the purpose of dispensing with proof are generally conclusive. Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 P. 654.

Counsel should not have stipulated that there was a surplus, if in fact it did not exist; and certainly he should have called attention to what he now claims are the facts, if he believed they controlled the stipulation in any way. Of course there could not be a surplus and a deficit at the same time; hence the stipulation was rightly construed by the court as negativing a deficit, since it clearly stipulates that there was surplus cash.

The Court of Tax Review evidently followed section 5921, O. S. 1931, 62 Okla. St. Ann. sec. 437, and the decisions of this

court which hold that moneys in the sinking fund at the close of the fiscal year against which there are no outstanding charges must be used to reduce the sinking fund levy for the following year.

In Albrecht v. Jones, 130 Okla. 277, 267 P. 270, we held that a surplus balance included cash or liquid assets on hand—"that is, any unexpended balance of such taxes which actually has been collected," and that if any part of the 10 per cent. set up for reserve is collected, then such amount constitutes a surplus to be set up at the beginning of the next fiscal year in order to give the taxpayers the benefit thereof. The stipulation brings the case squarely within this holding. See, also, Ryan, Co. Treas., v. Roach Drug Co., 113 Okla. 130, 239 P. 912; C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48.

It follows that the judgment of the Court of Tax Review should be affirmed. It is so ordered.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and DAVISON, J., absent.