## ACME MILLING CO. v. BONAPARTE, County Treasurer.

No. 17758.   Opinion Filed May 17, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Municipal Corporations — Legislative Provision for Annual Tax Levy Construed as Within Legal Limitation for Current Expenses.**
   Where the Legislature provides that an

annual or current tax may be levied by a county, city, or other municipal subdivision of the state and such act fails to provide that the same shall be in excess of the maximum levy allowed by law for such municipal subdivision, then such levy shall then be considered as a levy for current expense and is within the maximum limitation allowed by law for current expenses.

**2. Same—Levy for Street Repair Included in Current Expenses.**

A levy for street repair is not a levy in excess of the maximum levy allowed for current expense; therefore, must come within the limitation allowed for current expenses of the city .

**3. Same—Levy for Library Purposes.**

A levy for library purposes is not a levy in excess of the maximum amount allowed for current expenses, and therefore must come within the limitation allowed for current expenses of the city.

**4. Same—Levy for Park Purposes.**

A levy for park purposes is not a levy in excess of the maximum amount allowed for current expenses, and must be considered within the limitation allowed the city for current expenses.

Error from District Court, Oklahoma County; William H. Zwick. Judge.

Action by the Acme Milling Company against E. B. Bonaparte, County Treasurer of Oklahoma County. Judgment for defendant and plaintiff brings error. Reversed in part and affirmed in part.

Adelbert Brown and Gordon Slater, for plaintiff in error.

J. K. Wright and R. P. Hill, for defendant in error.

LESTER, J. The parties to this action occupy the same relative position as in the district court. .

The plaintiff brought an action against the defendant to recover taxes assessed against its property for the fiscal year beginning July 1, 1925.

Plaintiff complied with the requirements of the statute relating to payment, protest, etc., of said taxes prior to filing his action in court.

The plaintiff in his petition set forth that, in addition to the levy of 6 mills for current expenses of Oklahoma City, there was also a levy of .87 mills for street repair, .47 mills for library purposes, and 1.00 mills for park purposes.

Plaintiff also alleged that no election was held authorizing a levy for current expenses in excess of the 6-mills levy as provided by statute. Judgment was rendered in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

The authority to make a levy for street repair is to be found in section 33, chapter 173, Session Laws 1923, and reads as follows:

"The governing body of any city or town may in additiion to all other taxes levied for municipal purposes provide for an annual tax, not exceeding one (1) mill against all the taxable property of such city or town, for the purpose of repairing and maintaining any permanently improved streets in said city or town, heretofore and hereafter constructed."

We hold that where the Legislature provides that a tax levy may be made for certain purposes yearly without providing that such levy shall be in excess of the maximum amount previously allowed for current expenses of such governmental unit, then such levy is within the maximum amount allowed for current expenses of such until of government. The right to levy a tax upon property must be certain and fixed by law.

This court has held that the Legislature may single out and provide that a levy may be made for a certain purpose or purposes, provided that such levy does not exceed the constitutional limitation. Where the Legislature provides the levies are to be made for certain purposes and whether they are to be above or within the maximum limit for current expenses depends upon the particular language employed in such legislative provision.

If it is not certain, definite, and clear that a levy authorized by the Legislature to be made by the excise boards of the state for certain purposes is not in excess of the maximum limitation allowed by law for current expenses, then such levy must be included within the maximum amount allowed for subdivisions of the state for current expenses. If this rule is rigidly followed by the Legislature and the taxing authorities of the state, far less confusion and consequent litigation will result therefrom.

The act authorizing a levy for street repair does not provide that the same shall be in excess of the maximum levy allowed by law for current expenses of the city, and we, therefore, hold that such levy, when in excess of 6 mills allowed for current expenses of the city, is illegal and void unless authorized by an election.

The next item challenged in plaintiff's petition is .47 mills for library purposes. The authority to make a levy for library purposes is to be found in section 9528, C. O. S. 1921, and reads as follws:

"That the city council of any city of the first class in this state shall have power to establish and maintain a public library and reading room, or either of them, for the use and benefit of the inhabitants of such city, and the excise board of any county may approve a tax levy, in addition to any tax levy now authorized for current expense of cities of the first class, not to exceed two mills on the dollar annually on all the taxable property of the city for such purpose; such tax to be levied and collected in like manner with other general taxes of said city, and to be known as the 'Library Fund.' Provided, that in such cities that have not less than one thousand colored inhabitants the said city council may estab'ish and maintain a separate library and reading room, or either of them, for the use and benefit of the colored inhabitants thereof to be maintained by said city council in like manner as that of the library and reading room."

This act fails to provide that such levy shall be in excess of the maximum levy allowed for current expenses of the city, and, therefore, falls within the maximum limit allowed by the city for current expenses.

In the case of M., K. & T. Ry. Co. v. Bennett, 122 Okla. 102, 250 Pac. 1021, this court said:

"Under section 9528 a tax may be levied by the excise board to create what is referred to in said statute as a library fund, but such tax when levied is a current expense within the meaning of section 9692, C. O. S. 1921, and the levy so made with other levies for other current expense purposes authorized by law cannot exceed the six-mill limitation provided by said section."

The next item of levy questioned by the plaintiff's petition is for park purposes. The authority for a levy for park purposes is to be found in section 1, chapter 165, Session Laws 1925, and reads as follows:

"That all cities within this state having a population of fifty thousand (50,000) or more as shown by the last federal census, which own and maintain public * * * park commissioners, or a park board, either under the general statutes of this state or under special provisions of the city charter, are hereby authorized, in addition to all other levies for special municipal purposes or for current expenses authorized by law, to levy and assess against all property taxable within said city, an annual tax not exceeding the sum of one mill upon the dollar of taxable valuation, for

the purpose of acquiring, maintaining, beautifying, improving and equipping parks and park ways and utilizing same for public park purposes."

The authority for this levy likewise fails to place such levy above the maximum levy allowed for current expenses of the city, and, therefore, must be considered within the limitation fixed by law for current expenses of the city.

The plaintiff in its brief, referring to its fourth cause of action, conceded:

"It is our belief that the manner and method employed by the officials of Oklahoma City determining the amount of their surplus was the correct procedure."

Having conceded that the position of the city was correct on this point, the action of the trial court will not be disturbed on plaintiff's fourth cause of action.

Plaintiff in its brief fails to brief or argue the fifth cause of action set out in plaintiff's petition, and the judgment of the district court will not be disturbed thereon.

The judgment is reversed, with direction to proceed with said cause not inconsistent with the views herein expressed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT. and HEFNER, JJ., concur. CLARK and RILEY, JJ, dissent.

Note.—See 28 Cyc. p. 1668 (Anno).