## FERK et al. v. HALL et al.

No. 17182—Opinion Filed Sept. 14, 1926.

Rehearing Denied Oct. 26, 1926.

**Courts — Jurisdiction — Moot Questions — Constitutionality of Statute—Court's Interference with Executive Officers by Injunction—Remedy at Law.**

The mere fact that a law is alleged to be unconstitutional does not confer jurisdiction on courts to interfere with the acts of executive officers while proceeding in pursuance of its requirements. The duty of a court is to determine actual controversies, when properly brought before it, and not to give opinions on mooted questions or abstract propositions. Before it can assume to determine the constitutionality of a legislative act, the case before it must come within some recognized ground of equity jurisdiction, and present some actual or threatened infringement of the rights of property on account of such unconstitutional legislation, and where it is apparent that the remedy at law is adequate, relief will be refused.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Texas County; Arthur G. Sutton, Judge.

Action by F. W. Ferk et al. against Sam B. Hall et al., constituting the Board of County Commissioners of Texas County. Judgment for defendants, and plaintiffs bring error. Affirmed.

C. W. Ferguson, Geo. A. Henshaw, and A. Carey Hough, for plaintiffs in error.

Orlando F. Sweet, Co. Atty., for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Texas county by the plaintiffs, defendants in error, and against the defendants, plaintiffs in error, to restrain and enjoin the defendants, the board of county commissioners of Texas county, "from doing certain acts and things complained of and from carrying out a purported resolution, and from using certain funds of the county for the purpose of erecting, furnishing, and equipping a county court house, and from making an annual levy of not to exceed one mill for said purpose, and from creating such special courthouse funds, and issuing time warrants against the same, and from doing any of the other things complained of in plaintiffs petition."

The above is substantially a quotation from the prayer of plaintiffs' petition. The petition of plaintiffs is based upon a resolution passed by the board of county commissioners of Texas county, which is attached to said petition and made a part thereof, and is as follows:

"A resolution creating a courthouse fund and authorizing the building of a courthouse at Guymon, Okla.

"Whereas, a condition has arisen in Texas county, Okla., whereby the public welfare required that a courthouse be built for the proper protection of the public records, and that a suitable place may be had for the transaction of the public business of said Texas county:

"Therefore, be it resolved by the board of county commissioners of Texas county, Okla., in session at Guymon, the county seat of said county, on the 8th day of September, 1925, the same being a regular business day of the September, 1925, meeting of said board and pursuant to the provisions of chapter 13 of the Session Laws of Oklahoma 1925, section 1, the same being known as Senate Bill No. 68; that there be and hereby is created a courthouse fund for Texas county, Okla., which said fund shall be known and designated as a 'special courthouse fund' for the construction of a court house building at Guymon, the county seat of said county, and for the equipping and furnishing of said building; that the special courthouse fund shall consist of all the unassigned portions of the sinking fund of said county, derived from penalties, interest and forfeitures accrued and to accrue, including all that part of the sinking fund of said county derived from penalties, interest, and forfeitures heretofore invested by said county in judgments, warrants, or bonds, and which judgments, bonds, and warrants have not been paid, and for which said sinking fund has not been reimbursed.

"That said above-described funds be and are hereby set aside as a special courthouse fund is hereby irrevocably pledged to the payment of the cost of the construction, furnishing, and equipment of a courthouse to be built at Guymon in said county.

"Be it further resolved by the board of county commissioners of Texas county,

Okla.: That in addition to the funds derived from the sinking funds for penalties, interest, and forfeitures accrued and to accrue as heretofore set out, appropriated, and set aside as a special courthouse fund, there is hereby appropriated such sum of money as may be necessary to supplement that derived from the sinking fund as aforesaid accrued and to accrue, and for the purpose of constructing, furnishing, and equipping a courthouse as aforesaid. the same to be raised by a levy of an ad valorem tax upon the property of said county, not to exceed one mill annually, and which, with other ad valorem taxes, shall not exceed the constitutional limit of eight mills for any one year; and that the money derived from said ad valorem tax shall be placed in said special courthouse fund and be irrevocably pledged to the construction, equipment, and furnishing of a court building at Guymon, Okla., in said Texas county, Okla.

"Be it further resolved by the board of county commissioners of Texas county, Okla.: That a courthouse be constructed, furnished, and equipped at Guymon, the county seat of Texas county, Okla., at a cost not to exceed $150,000, said construction, furnishing, and equipment to be paid out of said special courthouse fund, as soon as the same is available for cash or the issuance of time warrants as provided in section 1, chapter 13, Session Laws of Oklahoma 1925, and the issuance of such time warrants as may be necessary, is hereby authorized."

The defendants interposed a demurrer to the petition and each and every paragraph thereof because same failed to state a cause of action in favor of the plaintiffs and against the defendants, or either of them, and upon hearing of same the court sustained the demurrer. Whereupon the plaintiffs elected to stand upon their petition, and prosecute this appeal, assigning as error the action of the court in sustaining the defendants' demurrer.

Plaintiffs in their petition, among other things, attack the constitutionality of chapter 13, Session Laws of Oklahoma 1925, page 15, and allege that the resolution heretofore set forth is void and contrary to law 'and," that should said acts, proceedings, and resolution of said defendants be permitted to be performed and carried out, the same would be wholly unauthorized by the Constitution and laws of this state, and would work a great and irreparable injury to the plaintiffs, and that the plaintiffs have no clear. 'sufficient, or adequate remedy at law."

Appellants in support of their contention have called attention to article 10, section 26 of the Constitution, which prohibits a county from becoming indebted "in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, etc." And further provides that no indebtedness shall be allowed to be incurred "to an amount, including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein."

The above portions of the section quoted constitute the vital parts thereof. . The first provision limits all indebtedness to the revenues available for the current year, and provides for an exception to this rule when the matter is properly submitted to a vote of the people; and the second proviso or material part of the section, limits the indebtedness and any levy that might be made to care for same to an amount not exceeding five per centum of the taxable valuation of the county, and the contention of appellant is that the resolution heretofore re.erred to violates and is in conflict with the provisions of section 26, article 10. The resolution, which we understand to be the basis of this action, and is attached as an exhibit to plaintiffs' petition, should control in construing the petition. It is true that the constitutionality of the law relied upon in the exhibit is raised, and the court is asked to pass upon same, but if the petition is insufficient and fails to state facts sufficient to justify the relief sought, then we see no necessity for determining the constitutionality of the law referred to. The relief sought is that of an injunction, which is an extraordinary remedy, and the question for our determination is, does the petition state facts sufficient, and is it of such nature as will justify injunctive relief? We are inclined to the opinion that it does not, and that the judgment of the trial court in sustaining the demurrer to the petition was correct. From a careful analysis of the resolution, in our judgment, it is of no effect, and while it is an attempt to create a fund for the purpose of constructing a courthouse, and provides that such "courthouse funds shall consist of all of the unassigned portions of the sinking fund of said county derived from penalties, interest. and forfeitures, etc.," yet it gives no direction or authority to the officers who are necessarily the custodians of such fund, if there be any such fund, to transfer same, and specifies no time when the transfer of such funds shall be made.

The resolution further states that all the additional funds necessary in the construc-

tion and equipping of a courthouse "be raised by levy of an ad valorem tax upon the property of said county * * * which shall not exceed the constitutional limit," etc. And while the act of the Legislature authorizes the board of county commissioners to levy a tax for such purpose, we do not understand the language used in the resolution to constitute a levy of a tax for any particular time or year or for a specific amount.

Counsel for appellants call attention to the case of Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324, but this suit was based upon contract entered into between the county commissioners and the bridge company. The case of Campbell v. State, 23 Okla. 109, 99 Pac. 778, is also cited, and is quoted from at great length as an authority in point, but in this case the action is likewise based upon a contract entered into by and between the county commissioners, the county clerk, and one Campbell, a contractor, providing for the erection and use of a courthouse for Washita county. Numerous other authorities are cited, but from an examination of all, we find them to be based either upon a contract or an existing indebtedness. The resolution here involved is not a contract, nor does it create any indebtedness, and certainly no rights of the plaintiffs or of any other taxpayer of Texas county can be jeopardized or infringed upon in any particular by reason of this resolution. It is nothing more than an expression on the part of the county commissioners of an intention to do certain things, and until some action is taken by the county commissioners looking to the execution of their intentions, by a transfer or disposition of funds, or the levy of a tax that would substantially affect the rights of the taxpayers, we see no necessity for the granting of an injunction, and the pleadings wholly fail to show any necessity or right for such suit.

It is true that the petition alleges that the board of county commissioners have passed a 'certain resolution appropriating money for the construction of the courthouse, and authorizes the erection and construction of same, as shown by the resolution which is attached and made a part of the petition.

The petition also alleges that any indebtedness which will be incurred will exceed the total income and revenue provided for that year, but we do not understand the resolution to go to that extent. There is nothing found in the resolution to indicate that the county commissioners have any intention of making a levy in excess of the constitutional limitation, and the petition does not disclose that Texas county had any funds at the time of the institution of this suit derived from penalties, interest, or forfeitures, and assuming, without deciding, that the law relied upon by the board of county commissioners and referred to in the resolution, is unconstitutional, until some act is done by said board of county commissioners which would effectively put into execution the provisions of the law, there would certainly be no grounds for injunctive relief. There are ample legal remedies provided for the taxpayer to protect himself against illegal indebtedness incurred and illegal levy of taxes, hence we would be loath to uphold a suit asking for injunctive relief in suits of this character, except where the petition clearly showed that the plaintiff was about to suffer some irreparable injury, or had no adequate remedy at law, or that it sought the relief to avoid a multiplicity of suits, or some other equitable grounds which would justify such relief.

14 R. C. L. 341, section 44, sets forth the correct rule in suits of this character:

"As bearing on the effect of an adequate remedy at law as a bar to relief by injunction, the distinction between legal actions and the remedy afforded by a court of chancery should be borne in mind. The former are designed to afford redress for injuries already inflicted and rights of persons or property actually invaded. Equitable relief, however, by way of injunction is preventive in character. But equity is chary of its powers, and ordinarily employs them only when the impotent or tardy process of the law does not afford that complete and perfect remedy or protection which the individual may be justly entitled to. Where there is a choice between the ordinary processes of law and the extraordinary remedy by injunction, and the legal remedy is sufficient, an injunction will not be granted."

Section 136, page 435, Id.:

"* * * The court should, as a rule, decline to exercise jurisdiction, though having it, to enjoin public officers from executing the legislative will as to some one or more minor features of a law, not essential to the efficiency of its dominant legitimate features."

And section 137, 435-436, Id.:

"The mere fact that a law is alleged to be unconstitutional does not confer jurisdiction on courts to interfere with the acts of executive officers while proceeding in pursuance of its requirements. The duty of a court is to determine actual controversies, when properly brought before it, and not to give opinions

on mooted questions or abstract propositions. Before it can assume to determine the constitutionality of a legislative act, the case before it must come within some recognized ground of equity jurisdiction, and present some actual or threatened infringement of the rights of property on account of such unconstitutional legislation, and where it is apparent that the remedy at law is adequate relief will be refused"

In view of our conclusions and the authorities cited, the decree of the court below will be affirmed upon the theory that the allegations of the petition do not entitle the plaintiffs to injunctive relief. This leaves the constitutionality of the act of the Legislature undisposed of, but we do not deem it necessary nor proper to pass upon that question in this suit.

In the case of State v. Lord (Ore.) 43 Pac. 471, and on page 480, we find the following rule announced:

"Courts will not assume to pass upon a question of that character, unless properly before them; and the case at bar, as presented, not being within our jurisdiction to hear and determine, it is clearly not within our province to assume now to decide that question. although of great public importance. 'As a general rule, a court will not pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to a determination of the cause.' Lord, J., in Elliott v. Oliver, 22 Ore. 47, 29 Pac. 1."

Having determined that the petition is insufficient to state a cause of action in favor of the plaintiffs and against the defendants for the relief sought, we hold that the case should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 12 C. J. p. 780, §212; 15 C. J. p. 783, §77; 21 C. J. p. 36, §14; p. 157, §138. See 1 R. C. L. p. 317: 1 R. C. L. Supp. p. 101; 4 R. C. L. Supp. p. 21. 6 R. C. L. 77; 2 R. C. L. Supp. 17; 4 R. C. L. Supp. p. 377; 5 R. C. L. p. 317; 10 R. C. L. p. 273; 2 R. C. L. Supp. p. 1000; 4 R. C. L. Supp. p. 660; 5 R. C. L. Supp. p. 550.