## COUNTY EXCISE BOARD OF CUSTER COUNTY v. FOSTER.

No. 19904. Opinion Filed Nov. 10, 1931.

Willis Cooke, Co. Atty., and Donald B. Darrah, for plaintiff in error.

A. J. Welch, for defendant in error.

KORNEGAY, J. This litigation started in the district court of Custer county, Okla., on the 28th day of July, 1928. The defendant in error filed a verified petition against the plaintiffs in error, alleging that they were the excise board of Custer county, and that in equity he brought this action on his behalf and others too numerous to name. It stated that there was $65,000 in the county sinking fund, and there was collected and in the process of collection, $19,164.41, which represented a one-mill levy for a courthouse fund in 1927, and that by Supreme Court decision, Foster et al. v. Board of Com'rs of Custer County, reported in 129 Okla. 246, 264 P. 615, the levy had been declared void.

He further claimed that both funds belonged to the taxpayers, and that the best and only legal method of handling them was to reduce taxes for the next fiscal year. That under sections 8576 and 9699, C. O. S. 1921, and in equity, it was the official duty of the excise board, and the officers composing the same, to credit all excess and unappropriated funds at the end of any fiscal year against the total of any tax levy required by law to be made for the next ensuing year, and to reduce the estimate and taxes accordingly. He stated that he and other citizens had demanded of the defendants to credit the funds against the estimate for 1928, but they declined and refused to do so, and that a majority of the defendants had declared and expressed their intention to ignore the requests, and had determined to keep the fund on hand and to levy the full estimate of tax for 1928, regardless of the unappropriated funds on hand, and unless the court forced them by order, they would do that to the great detriment of plaintiff and other taxpayers, and against which wrong the plaintiffs are without adequate remedy at law. The prayer is as follows:

"Wherefore, plaintiff prays that a permanent writ of mandamus issue to and be served upon each of said defendants, as the excise board of said county, requiring them at their regular meeting on the last Saturday in July, 1928, or at their adjourned meeting as necessity may require, to credit all of the aforesaid sinking fund and courthouse one-mill levy against the total estimated levy for 1928, and reduce the estimate for that year accordingly, and to make a levy for only the balance needed after making said credits and reductions; and for general relief in equity.

"A. J. Welch,
"Attorney for Plaintiff."

A peremptory writ of mandamus was issued by the judge as prayed for, without any process or notice to the officers. The mandamus is as follows:

"Writ of Mandamus.

"The State of Oklahoma to the defendants above named:

"Now, on this, the 28th day of July, 1928, upon due and proper application of plaintiff showing the following facts, to wit: That the county officers whose names appear as defendants in the above-style of this cause are the officers who compose the county excise board of Custer county, Okla., that there is now on hand unappropriated funds against which there are no charges outstanding, which funds were accumulated from penalties on delinquent taxes and which now constitute a sinking fund of said county against which there are no charges outstanding approximately the sum of $65,000; that there is now on hand in the county treasury of said county, and in process of collection, the sum of $19,164.41, which is the amount of the one-mill levy on the total assessed valuation of said county which was illegally levied, as a pretended court-house fund for the year 1927, and which levy and attempted use thereof the Supreme Court has declared illegal and void as recited in the official opinion of said court and reported in 129 Okla. 246; that said funds belong to the taxpayers of Custer county, as a tax fund, and no legal appropriations are outstanding against any part thereof, and that there is no purpose for which they can be expended except in violation of the law and the Constitution of this state.

"That the plaintiff and other citizens and taxpayers of Custer county, Okla., have requested and demanded that the excise board, composed of the county officers aforesaid, credit the total of said funds against the estimate for the tax levy for the fiscal year of 1928, but said board and the majority of the members thereof have failed and refused to do so, and have indicated their intention to keep said money on hand, without entering the same as a credit against the 1928 estimate, to the detriment of the plaintiff and said taxpayers and for which they are without an adequate remedy at law. That under the provisions of sections 8576 and 9699 of the Comp. Stat. 1921, and in equity, it becomes the official duty of the said excise board and said officers composing said board to credit all excess and unappropriated funds, including both the funds above named, against the total estimate required to be levied as a tax for the year 1928, and to reduce the estimate and the tax levy for

said county, for said year, accordingly (Albrecht v. Jones, 130 Okla. 277).

"It appears to the court that the right of the plaintiff and the taxpayers of Custer county to have said funds credited against the 1928 estimate, and the estimate reduced accordingly, is clear, and it is apparent to the court that no valid excuse can be given for not performing that duty accordingly;

"Therefore, it is by the court ordered, adjudged, and decreed that a peremptory writ of mandamus do issue herein against the defendants as prayed for in the petition, and it is ordered that the excise board of Custer county, Okla., and the other defendants above named composing said board. be and they are hereby ordered and required, on the last Saturday in July, 1928, or at such an adjourned meeting as said board may have, to credit the aforesaid sinking fund, or such an amount as may be on hand in said fund, and the aforesaid pretended courthouse one-mill levy, against the total county estimate for tax levy for said county for 1928, and to reduce the 1928 estimate and tax levy accordingly, and to levy only such an amount for said county as may appear to be necessary from the estimate, after giving credit for the aforesaid funds now on hand. The costs of this action are taxed against the defendants.

"E. L. Mitchell,
"Judge of the Dist. Court."

Copy appears to have been served on the respective members of the board by the sheriff on Saturday, the 28th of July, 1928. On the 31st of July, 1928, they appeared and made a motion to vacate the writ, assigning seven grounds for so doing. Those grounds are lack of notice, contrariness to law, command to do that which the law would not require, as to obey the mandamus would be a violation of law, lack of facts to warrant the issuing of the peremptory writ, plain adequate remedy at law, granting of the writ would work undue injury upon defendants and the public as a whole and result in confusion and disorder, and the performance of the said acts required by said writ would be against public policy, and would work personal hardship upon the defendants.

Notice was given to the plaintiff below that the motion to vacate would be presented to the court at 10 o'clock a. m., on the 3rd of August, 1928, at Arapaho. This was served on the 31st of July, 1928. On the 15th of October, 1928, the application to vacate was decided, being kept under advisement since August, the application to vacate being overruled, and the defendants excepted and gave notice of intention to appeal from the ruling of that court to this court, and 15 days allowed to serve case-made, and the judge signed up the case-made on the 5th of

November, 1928, calling it a transcript, however. Supersedeas was refused and contempt proceedings instituted for failure to make the findings ordered. The assignments of error are as follows:

"First. Said court erred in overruling the motion of the plaintiff in error to set said order aside and hold it for naught.

"Second. Said writ of mandamus, as issued, is contrary to law in such cases made and provided.

"Third. Said writ of mandamus, as issued, attempts to enforce the performance of certain acts which the statutes of the state of Oklahoma, or the decisions of the courts based thereon, do not require; and which, in fact, if performed as commanded by said writ of mandamus, would be in violation of law.

"Fourth. Said court erred in granting said writ of mandamus in that defendant in error, who was relator or plaintiff in the original action, did not state facts or cite authority sufficient in his petition to entitle him to said writ of mandamus."

The parties have briefed the case, the original brief being filed on the 20th of December, 1928, the answer brief on April 9, 1929, and the reply brief on June 12, 1929. The citations of authorities in the briefs have been examined, and the citations contained in the original writ of mandamus have been examined. Two citations are contained in the writ. One is Foster v. Board of Com'rs, 129 Okla. 246, 264 P. 615. That was an opinion by this court, and in that case the first section of the syllabus is as follows:

"The board of county commissioners of any county cannot lawfully enter into a contract on behalf of the county for the construction of a courthouse and jail, where such contract would, if entered into, require the expenditure of an amount of money in excess of that on hand in a fund legally created for such purpose, together with the income and revenue lawfully provided for such fund during current fiscal year, without the assent of three-fifths of the voters of the county, voting at an election held for that purpose."

The present plaintiff was apparently the plaintiff, and the board of county commissioners of Custer county were the defendants. The resolution for the construction. recited in the opinion, referred to sections 8587 and 8588, C. O. S. 1921, as the applicable sections permitting the invitation for bids. The proceeding was by injunction, and it appears from the recitals in the opinion that, on the 8th of September, 1925, a county courthouse and jail fund was established by the county commissioners. Judge E. L. Mitchell, who issued the writ of mandamus in this case.

certified his disqualification. An assigned judge tried that case.

An effort was made to transfer the case to a superior court, but the request was refused, and it was tried before Judge Clay. Evidently, in the district court, the decision of the court was upon the question of letting the contract. In the opinion in this court, the case of Ferk v. Hall, 119 Okla. 251, 249 P. 1106, was referred to as authority, and it announces that the commissioners were without authority to make the transfer of the funds, and this court, in 129 Okla. 246, based its decision on the proposition that the expenditure was $140,000 and that they only had about $85,000 to pay on it. The case was reversed, with directions for a modification of the injunction so as to prevent the board from entering into a contract and allowing any claims against it.

Albrecht v. Jones, 130 Okla. 277, 267 P. 270, is cited in the writ, which is a decision in a case where a party brought suit to recover taxes that had been paid under protest. The opinion in 130th Oklahoma announces that part of the contentions had been disposed of in some other way, and discusses the contention as to delinquent taxes being set up as an asset and all outstanding warrants being conceded as a liability in order to strike the balance. Section 9699, C. O. S. 1921, is set out in that opinion. The opinion holds that the court cannot agree that surplus balance or revenue on hand could be construed as uncollected taxes, but only means that it covered what has actually been collected. The balance of the opinion goes upon the proposition as to whether road drag funds are current expenses.

The sections of the statute referred to in the application for the mandamus are sections 8576 and 9699, C. O. S. 1921. We do not deem it necessary to discuss in detail the various authorities that are set out in the brief, and the various contentions about this case being moot and the appeal being dismissed; we hold the case is properly before us for review.

No notice was given to the officers constituting the excise board of the application. There was no special reason for the hurry, as we can see. The judge who granted this mandamus had disqualified himself in the proceedings relied on as the foundation for this action. Had the parties in interest, however, turned over the page in C. O. S. 1921, they would have found the following sections:

"8587. Use of Fund—Advertisement—Protest and Hearing. The board of county commissioners of any county may use for the purpose of erecting or repairing a county courthouse or county jail, or either of them, or for making additions thereto, or purchasing sites therefor, all or any portion of the sinking fund of the county derived from penalties, interest, for forfeitures, accrued or to accrue as penalties on delinquent taxes, and in addition thereto may use the amount of tax levied for that purpose in any year under existing law, which tax when added to the other taxes levied may equal but not exceed the constitutional limit of eight mills. The county commissioners before making an order appropriating any portion of the sinking fund or making any contract for the purchase of sites, erection or repair of either the courthouse or jail, or making additions thereto, must give notice by advertisement for 30 days in the newspaper designated as the official paper for the publication of the proceedings of the county commissioners, specifying the time and place when and where said matter will be heard, and any taxpayer of the county may appear and file a protest with the county clerk, which protest shall be heard at a regular meeting of such board of county commissioners, or said protest may be filed in the district court of such county; provided, however, that said protest in either instance must be filed at least ten days before the date set by said board of county commissioners in said advertisement for the hearing of said matter, and in the event said protest is filed in the district court notice of the filing of same must be given said board by service upon the chairman or by service upon the county clerk, which said notice shall be given directly upon the filing of said protest."

"8588. Determination to be final. The determination of the protest by either the board of county commissioners or by the district court shall be final, and in the event said protest is sustained, the county commissioners of said county shall not propose to use said sinking funds for any of the purposes herein mentioned until at least six months have elapsed from the date of the final determination of said matter as in this section provided."

These sections come from the acts of the Seventh Legislature, chapter 77, S. L. 1919. An attempt was made to modify them in 1923, and chapter 86 was passed, by which the district judge and county judge were added to the governing board and an additional tax was permitted, though perhaps in the title there was not sufficient to cover the additional tax. Again, in 1924, there was a modification by chapter 111, S. L. 1924, and that time a provision was made about voting an ad valorem tax mentioned in the title. The district judge and the county judge were still kept in as a part of the machinery. Again, in 1925, an effort was made to amend the law on the subject, acts

of the Tenth Legislature, chapter 13. This time the title says that it is an act amending chapter 86, S. L. 1923, and there was **authority expressly** conferred in the act for the levying of a tax not exceeding one mill, with a proviso that there should be no excess of the constitutional limit. There was a proviso contained in that law that it should not affect or impair the provisions of chapter 209, S. L. 1919, being otherwise known as chapter 80, S. L. 1921. Chapter 80 deals with public institutions. Chapter 209, S. L. 1919, is a special law for Mayes county.

The 1927 Legislature seems to have contented itself by passing a special law for Adair county on the question of courthouse and sinking funds (c. 137). In 1929, the Legislature, evidently recognizing the troubles that some of the counties were having, passed chapter 5, S. L. 1929, permitting the county excise board, on the application of the proper officers of the county, city, township, or school district, to transfer any surplus in the sinking fund against which there was not outstanding indebtedness to the general fund, and providing special procedure, after advertisement, and another proviso that none should be transferred while there were any bonds or judgments outstanding against the county.

In the meantime, the initiative and referendum had become operative by an election held August 7, 1928, proclamation filed September 4, 1928, providing for certain things to be done after the budgets were made up' and filed with the county clerk. It provided that the excise board should meet on the last Saturday in July, and from time to time thereafter until the said board of equalization should have reported the valuation of public corporations and other things. It provided a taxpayer's ·remedy and a tax review court.

This case was under advisement during this time apparently, but nowhere did it occur to any of the parties concerned that any of the appl'cable statutes, as it appears to us, were involved. It is clear that mandamus does not lie except where the right is clear and there is no other adequate remedy given by the law. Under these conditions, we think that the holding of this court in the case of Herndon v. Excise Board of Garfield County, 147 Okla. 126, 295 P. 223, is decisive, and especially the second paragraph of the syllabus, which is as follows:

"Mandamus will not be awarded unless a clear legal right thereto exists, nor even where the legal right is clear, where the issue of the writ would disturb official action, or create disorder or confusion."

We think that the excise board brought the matter here in due time, and while there probably has been a change in the personnel of the board during the time the action has been pending here, in view of the attempt made to punish the old board for contempt for violation of the mandamus, we should pass on the matter.

We accordingly hold that the judge erred in issuing the mandamus, and we order it discharged and the plaintiffs in error discharged from the contempt proceedings, and that all costs shall be taxed to the plaintiff below, the present defendant in error.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, HEFNER, and McNEILL, JJ., absent.