## PROTEST OF ST. LOUIS-S. F. RY. CO.

No. 23494. Opinion Filed Feb. 14, 1933.

E. T. Miller and Cruce & Franklin, for protestant.

Clifford E. Huff, County Attorney, for protestee.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review in favor of the protestee therein.

The item in question is the general fund levy of Kiowa county, and .983 mill of that levy was protested. The basis of the protest was that there was a surplus in the sinking fund of the county which should have been considered as cash on hand in the general fund of the county, and that if it had been so considered, the levy for the general fund of the county would have been .983 mill less than the levy made.

The record shows that there was on hand in Kiowa county in cash investments in the sinking fund of that county the sum of $19,304.85; that Kiowa county "never has had any outstanding bonded indebtedness and no outstanding and unpaid judgments which could be or should be used against said fund," and that said fund was accumulated "from penalties on delinquent taxes, fines and forfeitures."

We are not herein considering the disposition of a sinking fund created under the provisions of sections 26, 27, and 28, article 10, of the Constitution from tax levies. We are considering a sinking fund which was created under the various statutes of this state providing that the penalties on delinquent taxes, fines and forfeitures should be placed in the sinking fund.

Those are legislative provisions, and those provisions are applicable without regard to whether or not any political subdivision of the state requires a sinking fund.

Evidently, for the purpose of permitting a sinking fund derived from those sources which is not needed for the payment of outstanding bonded or judgment indebtedness to be used by the political subdivision of the state for general fund purposes, the 1929 Legislature enacted Senate Bill No. 16 (chapter 5, Session Laws 1929), by which it provided a procedure for the transfer of such a fund to the general fund. The act does not require such a transfer to be made. It provides a procedure to be followed where such a transfer is made. Since such a transfer is not required to be made, and since the Legislature has provided a procedure to be followed where such a transfer is made, the Court of Tax Review did not err in denying the protest.

We find nothing in County Excise Board of Custer County v. Foster, 153 Okla. 81, 4 P. (2d) 1066, applicable to the issue presented in this case.

Under the provisions of section 19, art. 10, of the Constitution, no tax levy collected for one purpose shall ever be devoted to another purpose. In the instant case the fund was not created from an ad valorem tax levy. It was created by the legislative enactments providing for the disposition of penalties on delinquent taxes, fines and forfeitures. The Legislature that provided that penalties on delinquent taxes, fines and forfeitures should go to the sinking fund was authorized to provide that they should go to the general fund; it was authorized to provide that they should go to the sinking fund and thereafter be transferred to the general fund, and it was authorized to provide the procedure to be followed in making such a transfer.

We find no error in the judgment of the Court of Tax Review, and it is in all things affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., CULLLISON, V. C. J., and McNEILL, J., absent.