TULSA INDUSTRIAL AUTHORITY, an Oklahoma public trust; et al., Appellants,

v.

STATE of Oklahoma, and Jan Eric Cartwright, As Attorney General Thereof, Appellees and Cross Appellants.

No. 57107.

Supreme Court of Oklahoma.

Oct. 25, 1983.

As Modified on Denial of Rehearing Nov. 23, 1983.

Samuel C. Stone, Tulsa, Terry T. Wiens, Weins & Schatz, Blackwell, Gary M. Bush, Fagin, Brown, Bush & Tinney and Diane Pedicord, Gen. Counsel, Oklahoma Municipal League, Oklahoma City, Russell D. Bennett, City Atty., Lawton, Peter T. Van Dyke, Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke and Walter M. Powell, Municipal Counselor, The City of Oklahoma City, by James R. Fuson, Deputy Municipal Counselor, Oklahoma City, Lynn C. Rogers, Co-Counsel, Oklahoma Ass'n of Municipal Attys., Norman, for appellants.

Jan Eric Cartwright, Atty. Gen. of Okl., Floyd W. Taylor, First Asst. Atty. Gen., Oklahoma City, for appellees and cross appellants.

LAVENDER, Justice:

On August 7, 1980, the Attorney General of the State of Oklahoma, pursuant to proper request therefor, rendered Opinion No. 80–145 which in part states:

"60 O.S.Supp.1979, § 178.8 contravenes Okla.Const., Art. 10, § 11 by purporting to make lawful five categories of contractual relationships between such public trusts and their trustees, which are forbidden by said constitutional provision, to-wit: Contracts entered into after public notice, competitive bidding and disclosure; loans or advances of funds to, or purchase of obligations issued by such public trust; contracts for legal advertising; contracts for performance by banks, trust companies or similar entities as depositories, indenture trustees, paying agents or registrars for such trusts; and sales of public utility services where the price of said services is regulated by law."

Thereafter on August 26, 1980, plaintiffs below filed an application with the Supreme Court of the State of Oklahoma to assume original jurisdiction and petition for writ of prohibition or mandamus and declaratory judgment and motion to stay effectiveness of Attorney General Opinion No. 80–145.

On August 27, 1980, this Court assumed jurisdiction for the limited purpose of staying the effectiveness of the Attorney General's opinion, transferred the suit to the District Court, Oklahoma County, Oklahoma, for its recommencement in that forum as an action according to the course prescribed by the Code of Civil Procedure, and denied all other relief sought by petitioners.

On September 11, 1980, plaintiffs below filed their petition alleging publici juris, pursuant to the Declaratory Judgments Act (12 O.S.1981, § 1651, et seq.), and seeking a declaratory judgment of the constitutionality of 60 O.S.1981, § 178.8, and for a determination that the Attorney General's opinion be overruled and be determined to be invalid and of no effect.

On June 11, 1981, the court below entered its findings of fact, conclusions of law, and judgment determining:

a. That portion of § 178.8 which permits trustees, or banking institutions in which they or some member of their immediate families are officers or principal stockholders, to act as depository for a public trust upon which such trustee serves, is constitu-tional, provided that deposits of funds by said trust in such banks are limited to checking accounts for the purposes of paying the reasonably anticipated operating expenses of the trust; but is otherwise in contravention of Art. 10, § 11 of the Oklahoma Constitution.

b. That portion of § 178.8 which permits a trustee to sell public utility services to a public trust where the price for the services is regulated by law does not contravene Art. 10, § 11, where an independent regulatory agency sets the rates for all users.

c. That portion of § 178.8 which permits trustees of public trusts to loan funds or purchase obligations of their trusts purports to permit self-dealing by said trustees which violates Art. 10, § 11 of the Oklahoma Constitution, and is therefore unconstitutional.

d. That portion of § 178.8 which permits trustees of public trusts or any bank, trust company or similar entity, in which they or some member of their immediate family is an officer or principal stockholder are directly or indirectly interested, to provide services as an indenture trustee, paying agent or registrar for such public trust purports to permit self-dealing by said trustees which violates Art. 10, § 11 of the Oklahoma Constitution.

e. That portion of § 178.8 which permits trustees to sell legal advertising to such public trusts purports to permit self-dealing by such trustees in violation of Art. 10, § 11 of the Oklahoma Constitution.

Plaintiffs below (plaintiffs) appeal and defendants below (Attorney General) cross-appeal.

The petition in error filed by the Attorney General alleges it was error for the trial court to rule that it had jurisdiction; that the plaintiffs were the real parties in interest; that there existed an actual justiciable controversy and that the parties were adverse; and that it was error for the trial court to render an advisory opinion. The trial court ruled adversely to the Attorney General's postulations on the Authority of

*Oklahoma Ass'n of Mun. Attys. v. State,* Okl., 577 P.2d 1310 (1978).

The record before us is devoid of any evidence or finding by the court below of any specific instances wherein any of the plaintiffs had engaged in conduct within the facially authorized exceptions set forth in 60 O.S.Supp.1979, § 178.8. We must therefore determine whether the objections raised by the Attorney General are met by our ruling in *Oklahoma Ass'n of Mun. Attys., supra.*

The Declaratory Judgments Act, 12 O.S. 1981, § 1651 invests the district courts with jurisdiction, in cases of actual controversy, to determine the construction or validity of any statute, and further provides: "The determination may be made either before or after there has been a breach of any duty or obligation, and it may be either affirmative or negative in form and effect; ...." This Court has held that one adversely affected by a statute which he claims to be invalid *on its face* as applied to him need not risk its violation in order to invoke declaratory judgment relief under the Act. *State ex rel. Bd. of Examiners in Optometry v. Lawton,* Okl., 523 P.2d 1064 (1974). There, the mere geographical proximity of plaintiff's optometry office to certain retail optical establishments purported to invoke the penalties imposed by the statute.

In the case of *Gordon v. Followell,* Okl., 391 P.2d 242 (244) (1964) this Court quoted with approval from *Kress v. Corey,* 65 Nev. 1, 189 P.2d 352 (which case in turn quoted Borchard on Declaratory Judgments):

"The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally pro-tectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

In *Ferk v. Hall,* 119 Okl. 251, 249 P. 1106 (1109) (1926) we held that the duty of a court is to determine actual controversies when properly brought before it, and not to give opinions on abstract propositions, and that some actual or threatened infringement of the rights of property on account of the alleged unconstitutional statute is a prerequisite to the determination of the constitutionality of a statute.

At this point, it would seem fair to the trial court, if not to the parties as well, to emphasize that our August 27, 1980, order was limited in its scope to staying the effectiveness of the Attorney General's opinion and, under this Court's administrative authority, directing this matter to be refiled ("recommenced") in the trial court. Our order was not intended to relieve the plaintiffs of their obligation to place before the trial court an adverse proceeding between contesting parties within the context of an actual case or controversy.

With the foregoing precedents in mind, we examine our holding in the case of *Oklahoma Ass'n. of Mun. Attys v. State, supra.* There, the petitioners were the Oklahoma Association of Municipal Attorneys, various municipal and county entities, towns, public agencies, public trusts, and attorneys, all of whom were directly and imminently concerned with the narrow issue therein presented, i.e., whether Oklahoma's Open Meeting Laws abrogated the principle of attorney-client confidentiality. Therein, we held (p. 1315):

"When the 'Privilege Against Disclosure Act' (12 O.S.Supp.1977, §§ 301 et seq.) is considered in connection with the 'Open Meeting Act' (25 O.S.Supp.1977, §§ 301 et seq.) we find a Legislative design whereby executive sessions may be held for confidential communications between a public body and its attorney, but only if the communications concern a pending investigation, claim, or action, and disclosure of the matters discussed would seriously impair the ability of the

public body to process the claim or conduct the pending investigation, litigation or proceeding in the public interest. The public body, with the advice of its attorney, would determine whether it would be proper to hold executive sessions for the purposes above set forth."

The single issue therein presented uniquely lent itself to declaratory determination enabling the Court to give a definitive answer to a hypothetical question where factual parameters were confined within the question itself, the resolution of the question settled an issue of widespread public interest, and where an actual conflict between one or more of the petitioners and the State was imminent and certain in its occurrence.

In the case before us, the definiendum is almost infinite in the possible factual circumstances under which the purported exceptions set forth in § 178.8 might possibly occur when tested against the prohibitions set forth in Art. 10, § 11 of the Oklahoma Constitution. An attempt to anticipate them all by declaratory judgment would not only tax the Court's imagination, it might well leave undetermined the very occurrence now beyond imagination's reach which might in actuality transpire. Neither is there any showing of any actual controversy between the plaintiffs and the State which permits the Court to adjudicate any present rights. Thus, the case before us is clearly distinguishable from *Oklahoma Ass'n of Mun. Attys v. State, supra,* and falls short of meeting any of the four requisite facts or conditions which must be met in order to invoke declaratory relief as are set forth in *Gordon v. Followell, supra.*

In *Moore v. Bolin,* 70 Ariz. 354, 220 P.2d 850 (1950) the Arizona Supreme Court was confronted by a similar dilemma. There the State Tax Commissioner brought suit for declaratory judgment against the Secretary of State of Arizona, alleging that the Secretary of State had advised the Commissioner that his name would not be placed on ballots as a candidate for Governor unless the plaintiff resigned his office as required by a state statute alleged to be unconstitutional. In holding that no justiciable cause which might be fairly adjudicated was presented in the action, the Court said:

"It is the court's view that the facts pleaded by appellant do not show a present existing controversy which permits the court to adjudicate any present rights. The allegations merely show an intent to do certain things in the future all of which are dependent upon future events and contingencies within control of the appellant. There are many contingencies or events which might occur before the last day before appellant may file his petition, e.g., the appellant may decide not to become a candidate for office between now and the time for filing petitions and papers, or he might not secure the required number of signatures to his papers and petitions as to entitle him to file for the office of Governor."

The views expressed by the Arizona court comport with the majority view of other jurisdictions. 87 A.L.R. 1205 (1215); 174 A.L.R. 880 (886); 16 C.J.S., Constitutional Law § 94; 22 Am.Jur.2d Declaratory Judgments §§ 10, 11, 18, 27; *International L. & W. Union v. Boyd,* 347 US 222, 74 S.Ct. 447, 98 L.Ed. 650.

We hold that the plaintiffs have not presented a justiciable cause which may be fairly adjudicated in this action. Our views are not to be understood, however, as constituting a bar to the plaintiffs' refiling an action in the trial court in which a justiciable cause or controversy is, or may be, stated.

The judgment of the trial court is reversed and this cause is remanded with directions to dismiss.

BARNES, C.J., and IRWIN, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurring in part and dissenting in part.

SIMMS, V.C.J., and HODGES, J., dissent.

OPALA, Justice, concurring in part and dissenting in part:

I concur in that part of the opinion which concludes that the plaintiffs failed to

present a justiciable cause; I dissent from that part of the opinion which reverses the judgment with directions to dismiss the action. I would reverse the judgment and remand this cause for further proceedings that would afford the plaintiffs the opportunity to develop proof of conduct within the facially authorized exceptions in 60 O.S. Supp.1979 § 178.8.